NOTH ET AL., APPELLANTS, *v.* WYNN ET AL., APPELLEES.

(No. C-870708—Decided November 23, 1988.)

*Dennis A. Becker,* for appellants.
*Lawrence E. Barbiere* and *Wilson G. Weisenfelder, Jr.,* for appellees Charles Wynn and Grady Realtors.
*John P. Keily,* for appellee Eckert, Eckert & Eckert.
*William F. Ultsch,* for appellees Thomas and Anne Janszen.

*Per Curiam.* This cause came on to be heard upon the appeal from the Court of Common Pleas of Hamilton County.

This action was instituted by plaintiffs-appellants Wayne A. and Deanna J. Noth, the purchasers of a certain parcel of real estate, for malpractice against the law firm of Eckert, Eckert & Eckert ("Eckert") and for misrepresentation against real estate agent Charles Wynn, Grady Realtors and Thomas H. and Anne M. Janszen, the sellers of the property.

The issues presented are whether the trial court properly granted summary judgment in favor of Eckert and partial summary judgment in favor of Wynn, Grady and the Janszens.

The real property in question includes a house and a portion of a lake located behind the house. The Janszens placed the property on the market through a listing agreement with Wynn of Grady Realtors. In December 1983 the Noths attended an open house there held by Wynn. Wynn escorted them through the house and indicated the portion of the lake that was included in the property, informing them that the remainder of the lake was owned by an adjacent property owner, The Old Green House, Inc. The Noths shortly thereafter made an offer to purchase the property for $93,000 and the Janszens accepted.

The Noths obtained a loan from Cheviot Building & Loan. Cheviot retained the Eckert law firm to perform legal services incident to the transaction, including a title examination, preparation of the mortgage, the deed and the closing statement, processing of the loan and other closing services. At the closing on March 24, 1984, the Noths were given a copy of Cheviot's survey but they did not review it.

Early in the summer of 1984, the lake behind the residence began to turn green with algae. The Noths attempted to treat the lake chemically, but the owners of The Old Green House objected and informed the Noths that they did not own as much of the lake as they had originally thought. The Noths then decided to check the records at the courthouse. Mrs. Noth went to the courthouse with an attorney (her employer throughout the time of the purchase) and learned from the records that she and her husband did own less of the lake than Wynn had originally told them; she also discovered a restriction giving The Old Green House the right to drain the lake. This restriction was referred to in the deed which the Noths received shortly after closing.

The Noths then filed this action. The claim against the Eckert law firm was based upon its alleged breach of a purported duty to disclose to the Noths any defects of title or restrictions relating to the property. The complaint also alleged that Wynn, acting as an agent of both Grady and the Janszens, falsely pointed out the boundaries of the property; that he misrepresented the condition of the lake for the purpose of concealment; that he misrepresented the ownership rights in the lake by failing to disclose the restriction; and that, as a result, the Noths were fraudulently induced to purchase the property. The trial court granted Eckert's motion for summary judgment in its entirety; the other defendants' motions for summary judgment were granted as to the claims for misrepresentation of boundaries and ownership rights, and overruled as to the claim for misrepresentation of the condition of the lake.

The Noths' first assignment of error is that the trial court erred in granting summary judgment for Eckert. They argue that Eckert owed a duty to them to disclose the restriction giving The Old Green House the right to drain the lake, and that merely providing a reference to the restriction in the Noths' deed (in accordance with Eckert's standard practice) did not fulfill that alleged duty. They contend that this duty arises from the fact that Eckert's legal services were performed for their benefit.

In *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98, 10 OBR 426, 462 N.E. 2d 158, the court held in the first paragraph of the syllabus that "[a]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf

of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously." In order for privity to exist, the interests of the third party must coincide with the interests of the client. See *Simon* v. *Zipperstein* (1987), 32 Ohio St. 3d 74, 512 N.E. 2d 636; *Scholler, supra.*

In this case, the undisputed evidence shows that Eckert's client was Cheviot Building & Loan, and that the Noths were not in privity with Cheviot. There is no evidence or even a claim by the Noths that they had anything other than a debtor-creditor relationship with Cheviot, for a single arm's-length business transaction in which each party protected its own interests. Similarly, there is no evidence or contention that Eckert acted maliciously. In the absence of a genuine issue of material fact, and Eckert being immune from liability to the Noths as a matter of law, we overrule the first assignment of error.

The second assignment of error is that the trial court erred in granting partial summary judgment for Wynn, Grady and the Janszens on the claim that the misrepresentations as to boundary lines and ownership rights fraudulently induced them to purchase the property. We find the assignment of error to be without merit.

We have held that in an action for fraudulent inducement to purchase real estate, the complaining party must show actual fraud or such gross negligence as will amount to fraud. *Carlisle* v. *Roy* (July 15, 1987), Hamilton App. No. C-860536, unreported. The basic elements necessary to prove fraud are (1) a material false representation or concealment; (2) knowingly made or concealed; (3) with the intent of misleading another into relying upon it; (4) reliance, with a right to do so, upon the representation or concealment by the party claiming injury; and

(5) injury resulting from the reliance. See, *e.g., Burr* v. *Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St. 3d 69, 23 OBR 200, 491 N.E. 2d 1101; *Finomore* v. *Epstein* (1984), 18 Ohio App. 3d 88, 18 OBR 403, 481 N.E. 2d 1193.

Assuming for the purposes of summary judgment that the actions of these defendants amounted to knowing misrepresentation of the property boundaries and the ownership rights therein, we nevertheless conclude that the fourth element of fraud is lacking because, as a matter of law, the Noths had no right to rely upon any of defendants' representations. In property transactions, there is no right to rely upon oral representations regarding the property transferred where the true facts are equally open to both parties. *Traverse* v. *Long* (1956), 165 Ohio St. 249, 252, 59 O.O. 325, 326-327, 135 N.E. 2d 256, 259. Where any adversities regarding title to property are of public record and therefore easily discoverable, the purchaser of the property is not entitled to rely upon the alleged misrepresentations of the seller or the seller's agent. *Finomore, supra; Cox* v. *Estate of Wallace* (Dec. 31, 1987), Butler App. No. CA87-06-078, unreported; see, also, *Ferguson* v. *Zimmerman* (Jan. 16, 1986), Montgomery App. No. 9426, unreported.

In this case, it is entirely obvious that the boundaries of the property and the restriction in favor of The Old Green House were of public record: Mrs. Noth herself went to the courthouse with her attorney/employer several months after the closing and easily discovered the true boundaries and the restriction. Mr. Noth testified at his deposition that they did not believe it necessary to check the records prior to the closing; that they did not obtain a survey of the property, did not have a title search performed, did not purchase title in-

68

surance and did not even read the survey handed to them at the closing. Accordingly, we overrule the second assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., KLUSMEIER and UTZ, JJ., concur.