[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1996
On December 5, 1995, the plaintiff, Carmen Cecelia Vasel, as an individual and as executrix of the estate of John W. Vasel, filed a complaint against the defendants, Henry Vasel and Vasel Brothers, Inc., alleging fraud, breach of contract, unjust enrichment, conversion, and unfair trade practices. The return date was December 12, 1995. Service of process was made on the defendants on November 9 and 13, 1995. On December 5, 1995, the Court of Probate, District of Newington, approved plaintiff Carmen Cecelia Vasel executrix of the estate of John W. Vasel.
On January 11, 1996, the defendants filed this motion to CT Page 5387 dismiss as to the Estate of John W. Vasel. On the same date, within minutes after the filing of the motion to dismiss, plaintiff's filed an amended complaint which related all of the allegations of the original complaint and added several counts.
-I-
In support of their motion to dismiss as to the Estate the defendants argue that this court is without subject matter jurisdiction because at the time the lawsuit was instituted the executrix of the estate of John W. Vasel, Carmen Cecelia Vasel, had not yet been appointed by the probate court and was thus without authority to institute an action on behalf of the estate. Citing Isaac v. Mount Sinai Hospital, 3 Conn. App. 598 (1985), the defendants argue that the estate is not a legal entity and cannot institute a civil action.
Plaintiff' Carmen C. Vasel argues that she, as executrix, has authority to bring this action. She further argues that the amended complaint, filed January 11, 1996, cured any deficiency raised by the motion to dismiss.
Practice Book § 175 provides: "The plaintiff may amend any defect, mistake of informality in the writ, complaint or petition and insert new counts in the complaint, which might have been originally inserted therein, without costs, during the first thirty days after the return day." General Statutes § 52-128
provides: "The plaintiff may amend any defect, mistake of informality in the writ, complaint, declaration or petition, and insert new counts in the complaint or declaration, which might have been originally inserted therein, without costs, within the first thirty days after the return day and at any time afterwards on the payment of costs at the discretion of the court; but, after any such amendment, the defendant shall have a reasonable time to answer the same." General Statutes § 52-128.
In determining whether a defect in a writ requires dismissal of the action, it must be determined whether a jurisdictional defect is circumstantial or so fatal to jurisdiction as to be noncurable. See Allen v. Freedman, Superior Court, judicial district of New Haven at New Haven, Docket No. 358124, 11 CONN. L. RPTR. 504 (April 27, 1994) (DeMayo, J.). "Some jurisdictional defects can be addressed by a motion to erase (replaced by motion to dismiss after July 1978) and are `serious irregularities' but they do not destroy the jurisdiction of the court over the CT Page 5388 subject matter of the action for all purposes. . . . they are `circumstantial.'" California Microwave-Telecom Trans. v. State,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 95552196, 15 CONN. L. RPTR. 39 (September 8, 1995) (Corradino, J.). See Sheehan v. Zoning Commission,173 Conn. 408, 378 A.2d 519 (1977). "Such circumstantial jurisdictional defects can be corrected by amendment within the grace period or by permission of the court." CaliforniaMicrowave-Telecom Trans. v. State, supra. "The plaintiff may cure a defect after a motion to dismiss has been filed and before the motion has been acted upon by the court . . . and such an . . . amendment is valid even though a motion to dismiss for lack of subject matter jurisdiction is pending because an amendment as of right requires no action by the court." Sleeping GiantAssociates, Ltd. v. Zikorus, Superior Court, judicial district of New Haven at New Haven, Docket No. 535276 (July 16, 1993) (Riddle, J.). See Tomasso v. Burns, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705736 (June 29, 1995) (Berger, J.).
In Isaac, supra, it was held that a plaintiff who erroneously alleged she was the administratrix of an estate in a wrongful death action, when in fact she was not appointed as such until more than three years after the alleged malpractice and more than one year after she initially brought suit, could not thereafter amend her complaint to substitute herself as party plaintiff, because the estate itself was not an entity legally capable of bringing the original suit.
The question of the degree of specificity with reference to a fiduciary not yet legally appointed was discussed by Judge Berger in Estate of Jessie Glass v. Glass, 5 CONN. L. RPTR. 58 (1991). He distinguished the cases of Estate of Schoeller v. Becker,33 Conn. Sup. 79 (1979), which did not permit an amendment to cure an action started by an "estate," and Estate of Bakula v. Herman, 13 CLT 14 (1987), which held that where the complaint provided certain information as to the current administratrix, including stating that she was a plaintiff, the misidentification in the summons and complaint was not of jurisdictional dimension.
Although in Glass Judge Berger granted the motion to dismiss, he carefully distinguished the facts in that case from those inBakula.
In the present case, the second paragraph of the original CT Page 5389 complaint identified the Estate of John W. Vasel "by its executrix, C. Vasel," although, Carmen Cecelia Vasel was not approved as executrix of the estate until December 5, 1995. The amended complaint was filed on January 11, 1996, within thirty days of the December 12, 1995 return date. This case is different from Isaac and Glass because a fair reading of the complaint indicates that the present case was instituted by the named executrix of the estate of John W. Vasel rather than by the estate itself. It has long been accepted doctrine in Connecticut that because the title and interest of an executor derives from the Will and not from the probate of it, that an executor's suit commenced before the probate of the Will will not fail for that reason. See Wilhelm, Connecticut Estates Practice Lawyers Cooperative Publ. Co. Revised Ed. (1974) § 8, and cases cited. Though the defect complained of constitutes an irregularity, it is not fatal to the court's jurisdiction and was thus amendable as a matter of right by the plaintiff's within the first thirty days after the return date pursuant to Practice Book § 175. Defendants' motion to dismiss is denied.
WAGNER, J.