[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 18, 1996
This motion to strike raises an issue concerning the liability of an attorney to a person other than his client. For the reasons stated below, I find that the plaintiffs' revised complaint, however liberally construed, fails to state a cause of action and must, consequently, be stricken.
The plaintiffs' revised complaint alleges that in 1992 they (or one of them) owned two parcels of real property in Guilford. Each parcel was subject to a mortgage in favor of the Bank of New Haven (the "Bank"). An officer of the Bank suggested that the two mortgages be combined into a single mortgage and represented that the plaintiffs would not be adversely affected by this transaction. The Bank officer further told the plaintiff's that they did not need their own attorney. The Bank officer directed them to go to the office of the defendant to execute the refinancing documents. The defendant is an attorney who represented the Bank. (The Bank is not a party to the case.) The plaintiffs went to the defendant's office and executed the documents in question. They allege that the defendant failed to explain the documents to them. They do not allege that the defendant made any misrepresentation. They further allege that the refinancing created various encumbrances that adversely affect them.
The revised complaint consists of three counts. The first count alleges legal malpractice. The second count alleges breach of contract. The third count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, et seq. All of these counts must be stricken for essentially the same reason. Under our law, the defendant had no duty, recognized by the law of either tort or contract, to the plaintiffs.
The second count can be readily dismissed. Although it alleges breach of contract, no actual contract between the plaintiff's and the defendant is described. It is quite clear, even if the revised complaint is liberally construed, that the defendant was the Bank's attorney. Any contract that the defendant had was with the Bank and not the plaintiff's. The plaintiff's, of course, had a contract with the Bank — namely the mortgage contract — but the obligations of that CT Page 5385 contract can hardly bind the Bank's attorney.
The first count, alleging legal malpractice, must be stricken for largely the same reason. "Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy . . . In addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." Krawczyk v.Stingle, 208 Conn. 239, 245, 543 A.2d 733 (1988). The classic example of a situation in which such liability is imposed is the preparation of a will. An attorney who negligently prepares a will can reasonably foresee that his negligence will deprive a third party (the putative beneficiary) of a financial benefit. The attorney for a bank who supervises the execution of refinancing documents (it is not even alleged that the defendant prepared the documents here) is simply not in this situation.
Courts have also considered "the foreseeability of harm, the proximity of the injury to the conduct complained of the policy of preventing future harm and the burden on the legal profession that would result from the imposition of liability." Krawczyk v.Stingle, supra, 208 Conn. at 245-46. These factors also militate against the imposition of liability in this case. The last-named factor is of particular importance. The imposition of liability to a third party on an attorney who represents a single party in a closing would impose an enormous burden on the legal profession. The Texas Court of Civil Appeals has explained this burden in the following language:
 [T]o hold [an attorney in a closing] liable to [a third party] with whom his client dealt at arms length, would inject undesirable self-protective reservations into the attorney's counseling role. The attorney's preoccupation of concern with the possibility of claims based on mere negligence (as distinguished from fraud) by any with whom his client might deal would prevent him from devoting his entire energies to his client's interest. The result would be both an undue burden on the profession and a diminution in the quality of the legal services received by the client. It would also tend to encourage a party to contractual negotiations to forgo personal legal representation and then sue counsel representing the other contracting party . . . if the resulting contract later proves disfavorable in some respect.
CT Page 5386
Bell v. Manning, 613 S.W.2d 335, 339 (Tex.Ct.Civ.App. 1981).See also Flaherty v. Weinberg, 492 A.2d 618 (Md. 1985); North v.Wynn, 571 N.E.2d 446 (Ohio Ct.App. 1988), cert. denied,535 N.E.2d 1371 (Ohio 1989). Given this factor, the recognition of the duty contended for by the plaintiffs would not be appropriate. The first count must be stricken.
Given these considerations, the third count, alleging a CUTPA violation, must be stricken as well. The defendant had no contract with the plaintiffs and owed them no duty of care. No fraud or misrepresentation on his part is alleged. The only misrepresentations alleged are those of the Bank. Those alleged misrepresentations cannot be attributed to the Bank's attorney. The third count of the complaint fails to make out a CUTPA violation. That count must also be stricken.
The motion to strike is granted in its entirety.
BLUE, J.