**BELL, Appellant,**

**v.**

**PERKINS, Appellee.**

[Cite as *Bell v. Perkins* (1997), 124 Ohio App.3d 539.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA97–06–013.

Decided Dec. 22, 1997.

*Droder & Miller Co., L.P.A.,* and *Edward J. Collins,* for appellant.

*Peter K. DeSomma,* for appellee.

WILLIAM W. YOUNG, Presiding Judge.

Plaintiff-appellant, Martha A. Bell, appeals the Preble County Court of Common Pleas decision in favor of defendant-appellee, Susan Fleming Perkins. After a bench trial, the trial court rejected Bell's claims that the real estate she purchased from Perkins contained a latent defect and that Perkins misled Bell as to the defect.

On June 21, 1993, the parties entered into a land installment contract; Bell agreed to purchase property at 4 Eaton Street, College Corner, Ohio, from Perkins for a total of $39,000 to be paid in monthly installments. In May 1995, roughly two years after the purchase, the basement of the one-hundred-fifty-year-old building filled with water. The next year, the basement flooded twice more.

Perkins owned the property from 1987 until she sold it to Bell in 1993. She was aware that the basement had flooded in 1989 and again in 1990, but she did not tell Bell about those occurrences. Bell had ample opportunity to inspect the premises before her purchase, but she later testified that she did not suspect any problem with flooding because she claimed that she did not notice any indications of water damage to the house.

On September 1, 1995, Bell filed a complaint against Perkins for damages and for rescission of the land installment contract. After holding a bench trial, the trial court filed a decision in favor of Perkins on May 9, 1997.

The trial court described the flooding as "significant," but noted that flooding was a problem for the entire neighborhood. The trial court also noted the existence of a "ramp" leading to the basement of the property that could increase the likelihood of flooding, but the court found that the ramp was an open and obvious condition of the premises. The court explicitly questioned the accuracy of Bell's testimony that there were no observable indications in the basement of prior flooding. The trial court also wrote that in this case, a reasonable inspection would include inspection by a qualified expert and that such an expert would have discovered evidence of prior flooding. The court concluded that any defect in the premises was not latent.

Assuming for the sake of argument that the defect was latent, the trial court also found that Perkins did not intend to deceive Bell. Perkins had testified that she did not think to mention the prior instances of flooding, and the trial court refused to infer that Perkins intended to mislead Bell by that omission.

■ The ultimate question on appeal is whether the trial court properly applied the doctrine of *caveat emptor* to the facts in this case. Under the doctrine of *caveat emptor*, a purchaser cannot prevail in a claim based upon a structural defect in real estate if (1) the condition complained of is open to observation or discoverable upon reasonable inspection, (2) the purchaser had the unimpeded opportunity to examine the premises, and (3) there is no fraud on the part of the vendor. *Layman v. Binns* (1988), 35 Ohio St.3d 176, 519 N.E.2d 642, syllabus, citing with approval *Traverse v. Long* (1956), 165 Ohio St. 249, 59 O.O. 325, 135 N.E.2d 256.

There is no question that Bell had an unimpeded opportunity to examine the premises. Under her first assignment of error, however, Bell challenges the trial court's finding that the defect was discoverable upon reasonable inspection. Under her second assignment of error, she argues that the trial court erred in finding that Perkins did not commit fraud.

The trial court, of course, is primarily responsible for evaluating evidence and assessing witness credibility. *Babka v. Babka* (1992), 83 Ohio App.3d 428, 436, 615 N.E.2d 247, 252–253. Where a judgment is supported by some competent, credible evidence going to every essential element of the case, this court will not reverse that judgment as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

The trial court's finding that the flooding problem was not a latent defect was not against the manifest weight of the evidence. The trial court was not satisfied with Bell's testimony that she did not notice any water damage in the basement. In fact, although Bell initially denied that there were any water marks in the basement when she inspected the premises, she later elaborated, "I mean if I did, I wouldn't have known what it was, quite frankly." There is also evidence in the record that Bell was aware of many problems in the basement, including rotting sills, rusting furnace vents, dry-rotted floor joists, crumbling masonry, leaks in walls, and a damp basement. In light of these acknowledged problems, the trial court could reasonably conclude that a prudent person would have made further inquiry or hired an expert to appraise the situation. Bell's first assignment of error is overruled.

Bell also complains that the trial court erred in rejecting her claim of fraud against Perkins. There are five essential elements to an action in fraud: (1) a material false representation or a concealment, (2) knowingly made or concealed, (3) with the intent of misleading another into relying upon it, (4) reasonable reliance upon the representation or concealment by the party claiming injury, and (5) injury resulting from the reliance. *Gaines v. Preterm–Cleveland, Inc.* (1987), 33 Ohio St.3d 54, 55, 514 N.E.2d 709, 711–712.

Bell argues that the trial court should have "conclusively presumed" that Perkins intended to mislead her. This court disagrees. The trial court was free to consider and weigh Perkins's testimony that she did not intend to mislead Bell by failing to mention the two prior instances of flooding. After reviewing the transcript of the proceedings, this court holds that the trial court's finding that

there was no fraud was not against the manifest weight of the evidence. Bell's second assignment of error is overruled.

*Judgment affirmed.*

WALSH and POWELL, JJ., concur.