OPINION
The plaintiffs, Earl and Patricia Lutz, commenced this action against the defendant, Attorney William E. Rathman dba Middletown Title Agency, in the Court of Common Pleas of Greene County claiming damages for the alleged negligent misrepresentation of the title to their real estate. Middletown Title generally denied the allegations of the complaint and filed a third-party complaint against Attorney Peter Stephan, who had actually conducted the title examination on the Lutz property. Subsequently, all of the parties to the action filed motions for summary judgment, and the sustaining of the motion filed by Middletown Title provides the basis for the present appeal.
According to the evidence, Mr. and Mrs. Lutz purchased the parcel of real estate by general warranty deed on October 3, 1995, and the deed expressly provides that the transfer was subject to "all restrictions, easements, conditions, and covenants of record." Among other restrictive covenants, which were a matter of record at the time of the delivery of the deed to the Lutzs, were provisions that the tract was to be "used exclusively for single residential homesite purposes" and that "no trade or business shall be conducted thereon".
Thereafter, in March, 1996, the plaintiffs contacted the First National Bank of Germantown for the purpose of securing a Small Business Administration Loan to enable them to construct and operate a commercial canine and feline kennel business on the property purchased in October, 1995. The First National Bank employed the Middletown Title Company to examine the title, and in turn, Middletown Title hired Attorney Peter Stephan to actually check the public records and render a title report.
Thereafter, Stephan certified that the title was marketable, and as part of the closing costs, the Lutzs paid for the title examination. However, when the plaintiffs commenced the construction of the kennels, they were stopped because of the covenant precluding the use of their property for commercial purposes.
In the Common Pleas Court, the claim for relief asserted by Mr. and Mrs. Lutz was predicated essentially upon "negligent misrepresentation." Specifically, the plaintiffs alleged that Middletown Title Agency "supplied false information for the guidance of others in a business transaction and failed to exercise reasonable care or competence in obtaining and communicating the information." However, the trial court found from the record that the document certified by the third-party defendant, Stephan, contained an opinion as to the condition of the title and therefore constituted the practice of law. The court determined then that the cause of action was based upon legal malpractice, and there being no privity of contract between the plaintiffs and the defendant, the trial court further concluded that Middletown Title was entitled to judgment as a matter of law.
In this appeal, the appellant has set forth three assignments of error, all of which allude to statements made by the trial court in its decision, and each of which has been presented as follows:
 "1. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT 'NEITHER IS THERE ANY EVIDENCE TO DEMONSTRATE THAT EITHER THE DEFENDANT NOR THE THIRD-PARTY DEFENDANT WERE MADE AWARE THAT THE PLAINTIFFS INTENDED TO USE THIS PROPERTY FOR COMMERCIAL PURPOSES'.
 2. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT 'THE PLAINTIFFS CLAIM OF FAILURE TO DISCLOSE OR TO MISREPRESENT THE CONDITION OF THE TITLE TO THIS REAL PROPERTY CLEARLY FALLS WITHIN A CLAIM OF LEGAL MALPRACTICE'.
 3. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND HELD THAT 'THERE IS NO NEED TO EXTEND SECTION 52 OF THE RESTATEMENT OF TORTS TO THE FACTS SUB JUDICE'."
With particular reference to the first assignment of error, the record is uncertain as to whether Middletown Title and the third-party defendant, Stephan, had any knowledge that the plaintiffs intended to use their property for a kennel, but it is likewise unclear how this isolated statement from the decision of the trial court was of critical significance in the outcome of this case. As heretofore indicated, the trial court found no privity of contract between the Lutzs and Middletown Title, and thus, there was no duty or obligation owed from the title agency to the plaintiffs relative to the intended use of the premises.Scholler v. Scholler (1984), 10 Ohio St.3d 98. See also, Nothv. Wynn (1988), 59 Ohio App.3d 65.
In this regard, the undisputed evidence shows that the First National Bank of Germantown hired Middletown Title and that the title agency reported its findings to the bank alone. In fact, the interests of the bank and the borrowers were hardly reconcilable, if not in conflict, at the time, and the mere fact that the lender passes the cost of the title examination along to the borrower does not change their relationship. See, McMahon v.Adkins (July 31, 1995), Lawrence App. No. 94 CA 31, unreported. Here, nothing projects from the materials submitted by any of the parties to support the allegation of negligent misrepresentation, and regardless of nomenclature, the lack of privity of contract appears to defeat the plaintiffs' claim. Noth v. Wynn, supra;McMahon v. Adkins, supra. See also, Simon v. Zipperstein (1987),32 Ohio St.3d 74.
With particular reference to the second and third assignments of error, and with an awareness of the law pronounced by the Supreme Court in such cases as Scholler and Zipperstein, the appellants apparently would prefer to transform their cause of action into one based upon negligent misrepresentation, but the record is devoid of any operative facts which might show that either Stephan or Rathman "supplied false information for the guidance of others in a business transaction". On the contrary, Stephan provided the title search, and his opinion relative thereto, as requested by Middletown Title, and Middletown Title provided the First National Bank with all of the information which it had requested in order to secure its loan to Mr. and Mrs. Lutz. Thus, the contracting parties performed pursuant to their contracts.
Furthermore, and unlike the cases cited by the appellants from other jurisdictions, the Lutzs had been in possession of a deed for some months which specifically noted that their title was subject to all restrictions, easements, conditions, and covenants of record. Moreover, some inquiry by the Lutzs from the sellers when the deed was delivered on October 3, 1995 undoubtedly would have disclosed the particular nature of the title restrictions. Hence, any possible negligence which surfaces from the record in this case is traceable to the plaintiffs themselves.
Finding none of the alleged errors to be well made, therefore, the judgment of the Common Pleas Court will be affirmed.
BROGAN, J., and WOLFF, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Michael P. McNamee
David N. McNamee
Neil F. Freund
Paul W. Barrett
J. Andrew Root
Hon. Robert M. Brown