[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#119) AND MOTION FOR SUMMARY IUDGMENT (#121)
The plaintiff, Steven Woods, filed a complaint in this court which (when fairly read in an accommodating fashion afforded pro se litigants) seeks money damages on the basis that the defendant, Attorney Peck, allegedly "overcharged" him in the course of a foreclosure action against the plaintiff. It is undisputed that the defendant was engaged as an attorney on behalf of Connecticut National Bank for the purpose of foreclosing the plaintiff's property. See Connecticut NationalBank v. Woods, Superior Court, judicial district of New London, Docket No. CV92 522240; see also Affidavit of Attorney Peck ¶ 3. It is also undisputed that there never was an attorney-client relationship between the plaintiff and defendant.
The defendant has filed two dispositive pre-trial motions: a motion to dismiss (#119) and a motion for summary judgment (#121). Since the motion to dismiss attacks this court's jurisdiction over the matter, the court will address it first.
 A. Motion to Dismiss
As grounds for his motion to dismiss, the defendant states that, because the complaint essentially seeks enforcement of a non-binding and nonenforceable advisory opinion by the Connecticut Bar Association Legal Fee Arbitration Board (CBALFAB), the court lacks subject matter jurisdiction. The defendant cites the rules of the CBALFAB which clearly indicate that its opinions are advisory only, and to be enforceable, there must have been an attorney-client relationship and both parties must have consented to the CBALFAB's jurisdiction. Because it is factually undisputed that the defendant and plaintiff did not have an attorney-client relationship, and that the defendant never consented or submitted to the CBALFAB's jurisdiction, the defendant argues that the CBALFAB's decision is legally CT Page 11015 unenforceable. Therefore, the defendant argues, the complaint must be dismissed for want of subject matter jurisdiction.
"It is well established that in ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Lawrence Brunoli, Inc. v. Branford, 247 Conn. 407, 410,722 A.2d 271 (1999).
The pro se complaint reads as follows:
 Original complaint SC10-97-21398 will still stand. Mr. Peck overcharged me on a house closing and also the fee was determined excessive by the Connecticut Bar Association, which Mr. Peck is a Member. Mr. Peck's addition was also determined erroneous on the house closing statements. REQUEST FOR RELIEF[:] The Plaintiff claims that the Defendant owes Plaintiff $1,856.50 according to the decision of the Connecticut Bar Association's decision, case No. 94-14.
Construing these allegations in a light most favorable toward sustaining jurisdiction over the subject matter, and with due regard to its prose posture, the court concludes that the complaint does not necessarily nor specifically request enforcement of the CBALFAB decision. Compare Bender v. Alvarez, Superior Court, judicial district of New Haven at Meriden, Docket No. 249847 (July 29, 1997, DiPentima, J.) (finding upon fair reading of complaint that action was brought to enforce the award of the CBALFAB). Indeed, it seems that the plaintiff merely relies on the CBALFAB's decision as additional support to bolster the validity of his cause of action.
Accordingly, the court finds that the complaint does not necessarily seek enforcement of an award by the CBALFAB and, therefore, the court has jurisdiction over the subject matter of the complaint. The defendant's motion to dismiss is, therefore, denied. The court will now address the Motion for Summary Judgment.
 B. Motion for Summary Judgment
As grounds for his motion for summary judgment, the defendant states that there exist no genuine issues of material fact as to CT Page 11016 the lack of an attorney-client relationship or any other contractual duty between the defendant and plaintiff. Because the defendant represented the Connecticut National Bank in its foreclosure action against the plaintiff, the defendant argues that any alleged overcharge in attorney's fees occurred between the Bank and the defendant. As such, the defendant argues, the undisputed facts indicate that there was no attorney-client relationship or privity of contract with respect to the charging of attorney's fees between the defendant and plaintiff. The court construes the plaintiff's counter-argument as being that he stood as a third-party beneficiary to the contract between the defendant and its client, the Bank, and therefore, was indirectly affected by the defendant's alleged malfeasance.
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . Summary judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Citations omitted; internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419, 424,727 A.2d 1276 (1999).
The defendant correctly notes the absence of any genuine issue concerning whether, in fact, there existed an attorney-client relationship or direct privity of contract between the parties. The undisputed facts clearly prove that none existed.
Assuming arguendo that the plaintiff seeks recovery as an intended third party beneficiary to the contract between the Bank and defendant — that is, the defendant's services for the Bank/mortgagee indirectly were performed for the benefit of the plaintiff/mortgagor — as a matter of law, this court holds that there can be no such claim. "As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services. . . . [unless] the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services." Krawczyk v. Stingle,208 Conn. 239, 244, 543 A.2d 733 (1988). "In addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." Id., 245. CT Page 11017
It is clear that the defendant's representation of the Bank in the course of its foreclosure action against the plaintiff was not done for the primary or direct purpose of providing a benefit to the plaintiff. Judge Blue addressed this same issue in the context of a mortgage refinancing in Khorsandi v. Ricciardi, Superior Court, judicial district of New Haven at New Haven, Docket No. 381344 (September 18, 1996, Blue, J.) (17 Conn. L. Rptr. 547). In that case, the defendant was the attorney for the bank which was to perform the plaintiffs' mortgage refinancing. In their suit against the defendant-attorney, the plaintiffs alleged that the defendant committed malpractice and breach of contract for his failure to explain certain documents to them. Judge Blue noted that "[t]he imposition of liability to a third party [the plaintiffs] on an attorney [the defendant] who represents a single party [the Bank] in a closing would impose an enormous burden on the legal profession," Khorsandi v. Ricciardi, supra, 17 Conn. L. Rptr. 548, and therefore, dismissed the plaintiffs' claim. Id. The parties in the present case are situated in much the same way as the parties in Khorsandi v. Ricciardi, supra, only in the context of a foreclosure action. The court agrees with Judge Blue's concern of the imposition of such a burden on attorneys in the defendant's position were it to be held accountable to persons in the plaintiff's position. Therefore, as a matter of law, the court finds that the plaintiff cannot prevail under a theory of being a third-party beneficiary to the contract between the Bank and defendant.
Because the present record precludes relief as a matter of law, and there are no triable issues of fact, the court grants the defendant's motion for summary judgment.
 Conclusion
The defendant's motion to dismiss (#119) is denied, and motion for summary judgment (#121) is granted.
Mihalakos, J.