OPINION
{¶ 1} Plaintiffs-appellants, Steven and Cora Kearns, appeal the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellees, Douglas and Jean Forrester (collectively the "Forresters"), Russ Huckaby and Quality Home Inspections (collectively "Huckaby"), and Century 21, Combs Associates ("Century 21"), in a dispute over representations made during the sale of a residential home.
 {¶ 2} In March 1993, the Forresters purchased the real property located at 488 Fernway Drive, Butler County, Ohio. Some time thereafter the Forresters hired Century 21 and Earl Corbin, a Century 21 real estate agent, to market and sell Fernway. In marketing the property, Century 21 prepared a listing statement on behalf of the Forresters. The listing statement described the roof of the house on the Fernway property as slate.
 {¶ 3} On December 7, 1994, appellants entered into a contract with the Forresters to purchase the Fernway property. The purchase contract was subject to a whole house inspection to be conducted and paid for by appellants. Appellants testified by affidavit that they asked about the roof during one inspection. According to appellants, Douglas Forrester responded that the roof was slate, and would never need to be replaced.
 {¶ 4} Appellants also contacted Huckaby, who at that time was working as a home inspector, to inspect the property. On January 20, 1995, Huckaby conducted an inspection. On January 22, 1995, appellants paid Huckaby for the inspection, and Huckaby gave appellants a written report stating his assessment of the property. In the report, Huckaby wrote: "The roof is slate and was viewed from ground level; however, due to the roof being snow-covered, I could not tell if there were any broken tiles."
 {¶ 5} It is not clear from the record on appeal when appellants and the Forresters closed the sale. A deed conveying the property to appellants, however, was recorded in the Butler County Recorder's office on January 25, 1995.
 {¶ 6} In September 2003, appellants had work performed on the Fernway property by Dale Carpenter. Carpenter testified by affidavit that he had been a roofer for over 20 years. He further testified that he told appellants their roof was not slate, but asbestos, and that "most people cannot tell a slate roof from an asbestos roof."
 {¶ 7} On February 25, 2004, appellants filed a complaint against the Forresters, Century 21, and Huckaby, in which they alleged misrepresentation and negligence against the Forresters, negligence and breach of contract against Century 21, and fraud and negligence against Huckaby. All three appellees filed motions for summary judgment. On November 8, 2005, the trial court entered judgment in favor of all three appellees. This appeal followed, in which appellants raise six assignments of error.
 {¶ 8} Appellants' first and sixth assignments of error concern the granting of summary judgment in favor of the Forresters. For case of analysis and discussion, we will consider these two assignments of error together.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendants Douglas and Jean Forrester as genuine issues of material fact exist as to Defendants committing fraud."
 {¶ 11} Assignment of Error No. 6:
 {¶ 12} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendants Douglas and Jean Forrester as genuine issues of material fact exist as to Defendants negligently issuing a Residential Property Disclosure Form."
 {¶ 13} In their first assignment of error, appellants argue the trial court erred in granting summary judgment in favor of the Forresters on their claim for fraudulent misrepresentation. Specifically, appellants contend genuine issues of material fact exist concerning whether the Forresters committed fraud by representing that their roof was slate, and by failing to disclose that the roof was asbestos.
 {¶ 14} Civ.R. 56(C) provides: "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
 {¶ 15} Summary judgment is appropriate when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only come to a conclusion adverse to the nonmoving party.Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369. Appellate review of summary judgment is de novo. See Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336.
 {¶ 16} The party seeking summary judgment bears the initial burden of demonstrating there is no genuine issue of material fact for trial. If the moving party satisfies its initial burden, the nonmoving party then has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 17} The trial court based its decision regarding appellants' claim that the Forrester's committed fraud on the doctrine of caveat emptor. The principle of caveat emptor
applies to sales of real estate relative to conditions open to observation. Where those conditions are discoverable and the purchaser has the opportunity for investigation and determination without concealment or hindrance by the vendor, the purchaser has no just cause for complaint even though there are misstatements and misrepresentations by the vendor not so reprehensible in nature as to constitute fraud. Traverse v. Long (1956), 165 Ohio St. 249, 252.
 {¶ 18} The doctrine of caveat emptor is designed to finalize real estate transactions by preventing disappointed real estate buyers from litigating every imperfection existing in residential property. Layman v. Binns (1988),35 Ohio St.3d 176, 177. The rationale underlying the doctrine is that "a party has no right to rely on certain representations regarding the property when the true facts are equally open to both parties."Traverse at 252. Under the doctrine of caveat emptor, a purchaser cannot prevail on a claim based upon a structural defect in real estate if (1) the condition complained of is open to observation or discoverable upon reasonable inspection; (2) the purchaser had the unimpeded opportunity to examine the premises; and (3) there is no fraud on the part of the vendor. Id.; Bell v. Perkins (1997), 124 Ohio App.3d 539, 541.
 {¶ 19} For the reasons that follow we find the trial court did not err by applying the doctrine of caveat emptor, and that appellants failed to demonstrate a triable issue of material fact on their claim of fraud against the Forresters.
 {¶ 20} To begin, the condition of the roof was open to observation. Other than snow, which appellants admit did not cover the entire roof, nothing in the record indicates appellants lacked the opportunity to observe and discover the composition of the roof. Furthermore, appellants had the unimpeded opportunity to examine the premises. The purchase contract gave appellants the option to fully inspect the premises; they exercised that option personally by conducting two inspections, and by having Huckaby conduct a full-house inspection. Appellants do not contend that their inspections were impeded in any way, and there is no evidence in the record of any complaints regarding access to the premises. In sum, "the true facts [were] equally open to both parties." Traverse.
 {¶ 21} Finally, there is no evidence in the record that the Forresters fraudulently represented the roof as slate rather than asbestos. To create a genuine issue of fact on a claim of fraud, appellants were required to introduce evidence that the Forresters (1) made a representation or, where there is a duty to disclose, concealed, (2) material knowledge, (3) with knowledge of its falsity or with reckless disregard for the truth, (4) with the intent to mislead, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the justifiable reliance. Gaines v.Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55; Padgettv. Sanders (Sept. 28, 1998), Clermont App. No. CA971-2-114.
 {¶ 22} Douglas Forrester, testifying by affidavit, stated: "I never had knowledge of the presence of asbestos at the residence until I received Plaintiff's Complaint * * *." He further testified: "I have no expertise in identifying or distinguishing the differences between a slate or asbestos transite shingle," and "I never had the need during my ownership of the residence to have the roof repaired or inspected." This testimony negated the third element of fraud and shifted the burden to appellants to submit evidence from which a reasonable jury could conclude that the Forresters knew the roof was asbestos. See Dresher. After carefully reviewing the record, we find nothing to show appellants met that burden.
 {¶ 23} As noted above, appellants did submit an affidavit stating that they asked about the roof during their second inspection, and in response to their inquiry Douglas Forrester responded: "`it was slate and we would never have to replace it and he had had no problems with it' or words to that effect." This statement, however, even if made, does not support a finding that Douglas Forrester made such a statement with knowledge of its falsity, or reckless disregard for its truth. Such a statement only supports the conclusion that a misstatement was made.
 {¶ 24} All other evidence in the record relevant to the Forresters' state of mind also supports a finding that the Forresters did not know the true composition of their roof. Carpenter, a roofer for over 20 years, testified that most people cannot tell a slate roof from an asbestos roof; Huckaby, a home inspector, viewed the roof and concluded it was slate; and while the Forresters only owned the property for two years, it took appellants eight years to discover the roof was composed of asbestos, not slate.
 {¶ 25} All requirements for the defense of caveat emptor
were satisfied. The condition of the roof was open to observation; appellants had the unimpeded opportunity to examine the roof; and there is no evidence that the Forresters committed fraud. Accordingly, appellants' contention that the trial court erred in granting summary judgment in favor of the Forresters on their claim of fraud is not well-taken.
 {¶ 26} In their sixth assignment of error, appellants argue the trial court erred in granting summary judgment in favor of the Forresters because there were genuine issues of material fact concerning whether the Forresters negligently issued a residential property disclosure form. We disagree.
 {¶ 27} R.C. 5302.30(C) provides: "[E]very person who intends to transfer any residential real property on or after July 1, 1993, by sale, land installment contract, lease with option to purchase, exchange, or lease for a term of ninety-nine years and renewable forever shall complete all applicable items in a property disclosure form prescribed under division (D) of this section and shall deliver in accordance with division (I) of this section a signed and dated copy of the completed form to each prospective transferee or prospective transferee's agent as soon as is practicable." R.C. 5302.30(D) states that the property disclosure form, and instructions for completing the form, are prescribed and provided by the director of commerce.
 {¶ 28} Pursuant to R.C. 5302.30(C), any person who intends to transfer real property must complete and deliver to every prospective transferee a property disclosure form. R.C.5302.30(E)(1) requires that transferors complete the form "in good faith," which is defined in R.C. 5302.30(A)(1) as "honesty in fact." Consistent with the honesty in fact requirement, "[a] transferor of residential real property is not liable in damages in a civil action for injury, death, or loss to person or property that allegedly arises from any error in, inaccuracy of, or omission of any item of information required to be disclosed in the property disclosure form if the error, inaccuracy, or omission was not within the transferor's actual knowledge." R.C.5302.30(F)(1). Thus, to prevail on a claim based upon information contained in the property disclosure form, appellants were required to show more than negligence; appellants were required to submit evidence from which a reasonable jury could conclude the Forresters had actual knowledge of errors in the form.
 {¶ 29} With respect to the presence of asbestos on the property, the Forresters checked the box on the disclosure form marked "Unknown." As discussed above, even if the Forresters orally informed appellants that the roof was slate, there is no evidence in the record that the Forresters had actual knowledge the roof was composed of asbestos. Absent such evidence, reasonable minds could only conclude the Forresters' inaccurate representation was an honest mistake. Thus, appellants' contention that the trial court erred in granting summary judgment on their claim that the Forresters' negligently issued a property disclosure statement is without merit.
 {¶ 30} The first and sixth assignments of error are overruled.
 {¶ 31} Appellants' second and third assignments of error concern the granting of summary judgment in favor of Century 21, and are as follows:
 {¶ 32} Assignment of Error No. 2:
 {¶ 33} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendant Century 21, Combs Associates as genuine issues of material fact exist as to Defendants' Negligently describing the roof as slate."
 {¶ 34} Assignment of Error No. 3:
 {¶ 35} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendant Century 21, Combs Associates as genuine issues of material fact exist as to Defendant Century 21, Combs Associates breaching of their Dual Agency Contract with the Plaintiffs."
 {¶ 36} Century 21 served as a dual agent in the transaction at issue in this case. In their second assignment of error, appellants contend the trial court erred in granting summary judgment because a genuine issue of material fact exists concerning whether Century 21, in its capacity as the Forresters' agent, breached its duty to accurately represent the condition of the roof. Specifically, appellants contend that Century 21 knew, or should have known, the listing statement's description of the roof as slate was inaccurate. For the reasons that follow, we find appellants' second assignment of error lacks merit.
 {¶ 37} In its capacity as the Forresters' agent, Century 21 can, and did, assert the defense of caveat emptor in its motion for summary judgment. See, e.g., Noth v. Wynn (1988),59 Ohio App.3d 65. In concluding caveat emptor also applied to bar appellants from recovering against Century 21, the trial court again found that appellants failed to submit any evidence from which a reasonable jury could conclude Century 21 committed fraud. Upon fully reviewing the record, we agree with the finding and conclusion of the trial court.
 {¶ 38} It is undisputed that Century 21 made an error in the listing statement when it noted that the roof was slate. Appellants also contend that Corbin, Century 21's agent, verbally assured them the listing statement was accurate. However, even assuming that Corbin did vouch for the accuracy of the listing statement, there is no evidence in the record to suggest Century 21, or Corbin, prepared the listing statement with knowledge of any error, or with reckless disregard for the truth of its contents. Moreover, at the bottom the listing statement clearly states: "Information has not been verified, is not guaranteed and subject to change."
 {¶ 39} Additionally, the purchase contract, signed by appellants, provides: "It is understood and agreed that purchaser has inspected the property; that purchaser has agreed to purchase the property as a result of such inspection and not as a result of representations made by the broker or any agent or salesman of broker." Construing the foregoing most strongly in favor of appellants, no reasonable jury could find Century 21 engaged in fraud. Accordingly, appellants' second assignment of error is overruled.
 {¶ 40} In their third assignment of error appellants contend the trial court erred in granting summary judgment because a genuine issue of material fact exists concerning whether Century 21, as a dual agent, breached its fiduciary duty to appellants.
 {¶ 41} "Dual agency in a real estate transaction is defined by R.C. 4735.70(A) to include a `licensee [real estate agent] who represents both the purchaser and seller as clients in the same real estate transaction.' R.C. 4735.62 makes the real estate agent a fiduciary of both parties once a dual agency is created. That section mandates that the real estate agent thereafter act in the interest of both clients, not just one client." Allisonv. Cook (2000), 139 Ohio App.3d 473, 487. Unless confidential information is at issue that would place one party at an advantage over the other party, dual agents must inform their clients of all information material to the transaction, and advise both clients in the furtherance of each client's interest. See id. at 487-488.
 {¶ 42} Appellants contend on appeal that Century 21, as a dual agent, breached its fiduciary duty to them when it failed to insure they were correctly informed about the roof. Appellants failed, however, to raise breach of a fiduciary duty as a legal theory in the trial court. Now, for the first time on appeal, appellants contend that Century 21 breached a fiduciary duty owed to them.
 {¶ 43} It is a cardinal rule of appellate review that a party cannot assert new legal theories for the first time on appeal.Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43;Mark v. Mellott Mfg. Co., Inc. (1995), 106 Ohio App.3d 571,589. "Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process." Markv. Mellott Mfg. Co., Inc., (1995), 106 Ohio App.3d 571, 589. Accordingly, a reviewing court will not consider issues a party failed to raise in the trial court and will consider those issues waived. Lippy v. Society Natl. Bank (1993), 88 Ohio App.3d 33,40.
 {¶ 44} In the trial court appellants argued only negligence and breach of contract against Century 21. Thus, appellants have waived the right to raise this argument and we decline to review it. The third assignment of error is overruled.
 {¶ 45} Appellants' fourth and fifth assignments of error concern the granting of summary judgment in favor of Huckaby.
 {¶ 46} Assignment of Error No. 4:
 {¶ 47} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendants Russ Huckaby and Quality Home Inspections, Inc. as genuine issues of material fact exist as to those Defendants' negligence."
 {¶ 48} Assignment of Error No. 5:
 {¶ 49} "The Trial Court committed reversible error to the prejudice of Plaintiff/Appellants Steven and Cora Kearns by granting summary judgment in favor of Defendants Russ Huckaby and Quality Home Inspections, Inc. as genuine issues of material fact exist as to those Defendants' committing fraud and false representation."
 {¶ 50} In their fourth assignment of error, appellants contend the trial court erred in granting summary judgment on their claim that Huckaby was negligent. Specifically, appellants contend there are genuine issues of material fact concerning whether Huckaby negligently described the roof as slate in his inspection report.
 {¶ 51} At the outset, we note that appellants' negligence claim is based upon the agreement between appellants and Huckaby. Appellants contracted with Huckaby to inspect the Fernway property. Thus, appellants' claim for negligence is misplaced, and more properly a claim for breach of contract. Nevertheless, whether Huckaby's duties were based in contract or tort, for the reasons that follow we find the trial court properly granted summary judgment on appellants' claim that Huckaby failed to properly describe the roof as composed of asbestos.
 {¶ 52} As noted above, Huckaby inspected the property and two days later gave appellants a written report stating his professional opinion of the property. Appellants base their claim on the phrase in the assessment report: "The roof is slate." A complete review of the report, however, reveals that Huckaby clearly qualified his stated opinion of the property. The first page of the report states the following under the heading "General Information":
 {¶ 53} "This report reflects our professional opinion of the condition of the major structural and mechanical elements of the property on the date of inspection. The Inspector attempts to accurately report the conditions and existence of major visible defects of the premises, components and equipment. * * * Excluded is * * * any inspection or testing for any toxic or dangerous substances * * *. No examinations will be made to determine compliance with any government ordinance, regulation, or code. Customer acknowledges that Quality Home Inspections, Inc., and/or its inspectors are generalists and not specialists and do not perform technically exhaustive examinations, engineering evaluations or repair work of any kind. This report carries no guaranty or warranty for the premises or equipment concerning future use, operability, habitability, or suitability.
 {¶ 54} "NOTE: This inspection does not cover items or conditions that may be discovered only by invasive methods. No removal of materials or dismantling of systems shall be performed under this inspection.
 {¶ 55} "* * *
 {¶ 56} "This report is prepared to the best of the Inspector's knowledge and ability. No warranty, express or implied, is given concerning the opinions expressed by the Inspector."
 {¶ 57} Construing the report in its entirety, the only conclusion a reasonable jury could reach is that Huckaby fulfilled his obligation to inspect the property, then gave an opinion, as a generalist, about a roof that he viewed only from ground level. Huckaby made no guarantees or warranties that his opinions or views about the roof, or the property in general, were accurate. Appellants argue that they were not given the report until after they paid for the inspection on January 22. This may be true. However, there is no evidence in the record that appellants ever objected to the disclaimers in the report, or that appellants sought to rescind their contract with Huckaby, or that appellants asked Huckaby, or anyone else, to conduct a more complete inspection that included a guarantee of accuracy.
 {¶ 58} Based upon the foregoing, we find appellants' contention that Huckaby breached a duty owed to them when he described the roof as slate is without merit. Accordingly, the fourth assignment of error is overruled.
 {¶ 59} In their fifth assignment of error, appellants contend the trial court erred because a genuine issue of material fact exists on their claim of fraud against Huckaby. The trial court again, as with the claims against the Forresters and Century 21, found that appellants submitted no evidence from which a jury could conclude that Huckaby stated the roof was slate knowing his statement was false, or with reckless disregard for the truth. After reviewing the entire record on appeal, we agree with the finding of the trial court.
 {¶ 60} Appellants claim for fraud, like their claim for negligence, is based upon Huckaby's failure to correctly describe the roof as containing asbestos. Again, only Dale Carpenter, who was a roofer with 20 years of experience, correctly determined the roof was asbestos and not slate. It is undisputed that Huckaby, along with the Forresters and Century 21, erred in describing the roof as slate. This fact alone, however, does not provide a reasonable basis from which a jury could conclude that Huckaby knowingly misrepresented the composition of the roof, or that he did so with reckless disregard for the truth. Based upon the evidence in the record, a reasonable jury could only come to the conclusion that Huckaby, a generalist, honestly agreed to conduct a home inspection, and unknowingly and unintentionally misrepresented the roof as slate.
 {¶ 61} Appellants' fifth assignment of error is overruled.
 {¶ 62} Judgment affirmed.
Powell, P.J., and Young, J., concur.