SCHOLLER ET AL., APPELLEES AND CROSS-APPELLANTS, v. SCHOLLER, APPELLANT AND CROSS-APPELLEE; WILLOUGHBY, CROSS-APPELLEE.

[Cite as Scholler v. Scholler (1984), 10 Ohio St. 3d 98.]

(No. 83-978—Decided April 18, 1984.)

100

*Messrs. Shinaberry, James & Weiher, Mr. Richard A. Shinaberry, Mr. Donal Hummer, Jr.,* and *Mr. Alan R. Kirshner,* for appellees and cross-appellants Alyce Scholler, individually and on behalf of Philip Scholler.

*Messrs. Cooper, Straub, Walinski & Cramer, Mr. Henry M. Schaffer* and *Mr. John L. Straub,* for appellant and cross-appellee Michael Scholler.

*Messrs. Eastman & Smith, Mr. Robert J. Gilmer* and *Mr. Jamille G. Jamra,* for cross-appellee Thomas M. Willoughby.

CELEBREZZE, C.J.

I

The initial question to be decided is whether summary judgment was properly granted in favor of Willoughby on the basis of the statute of limitations. In *Skidmore & Hall* v. *Rottman* (1983), 5 Ohio St. 3d 210, this court held:

"Under R.C. 2305.11(A), a cause of action for legal malpractice accrues and the statute of limitations commences to run when the client discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. * * *"

Neither the trial court nor the court of appeals had the benefit of our decision in *Skidmore & Hall, supra.* As such, no record was made in the proceedings below from which it could be determined when Alyce Scholler's cause of action in legal malpractice against Willoughby accrued.

Moreover, even though Willoughby raised the statute of limitations defense generally in his answer, his motion for summary judgment failed to set forth the statute of limitations as a basis for summary judgment. As a consequence, the court of appeals was not in a position to even speculate as to the point of accrual of Alyce Scholler's cause of action in malpractice against Willoughby and grant summary judgment on the basis of the statute of limitations.

The court of appeals did recognize, however, that a genuine issue of fact existed as to whether Willoughby breached a duty owed to Alyce Scholler and that the doctrine of collateral estoppel did not bar Alyce Scholler's action in malpractice against Willoughby. Neither of these findings has been appealed to this court and must now be deemed final. *E.g., French* v. *Dwiggins* (1984), 9 Ohio St. 3d 32, 38.

We conclude therefore that the court of appeals erred in affirming the issuance of summary judgment in favor of Willoughby based on the statute of limitations. If Willoughby chooses to raise the issue of whether Alyce Scholler's malpractice action against him is barred by R.C. 2305.11(A), such defense will be considered in light of *Skidmore & Hall, supra.* Cf. *Clark* v. *Hawkes Hospital* (1984), 9 Ohio St. 3d 182 (application of the discovery rule in a medical malpractice action).

Accordingly, the judgment of the court of appeals affirming the summary judgment granted in favor of Willoughby on statute of limitations grounds is reversed and the cause is remanded for further proceedings.

## II

The second issue is whether Alyce Scholler on behalf of Philip Scholler may maintain an action against Willoughby in malpractice even though Philip is a third party to the attorney-client relationship that existed between Willoughby and Alyce Scholler. The general rule[1] was stated in the dissent in *Petrey* v. *Simon* (1983), 4 Ohio St. 3d 154, 157, 158-159, as follows:

---

[1] See, also, *Savings Bank* v. *Ward* (1879), 100 U.S. 195; *Rose* v. *Davis* (1941), 288 Ky. 674, 157 S.W. 2d 284; *Sachs* v. *Levy* (E.D. Pa. 1963), 216 F. Supp. 44 (applying Pennsylvania law); *Metzker* v. *Slocum* (Ore. 1975), 537 P. 2d 74; *Pelham* v. *Griesheimer* (1982), 92 Ill. 2d 13, 440 N.E. 2d 96; *Favata* v. *Rosenberg* (1982), 106 Ill. App. 3d 572, 436 N.E. 2d 49; and cases collected in Annotation (1972), 45 A.L.R. 3d 1181, Section 3.

"* * * [A]n attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such third person is in privity with the client or the attorney acts maliciously."

In the case at bar, Alyce Scholler on behalf of Philip Scholler makes no allegations that Willoughby acted maliciously. Thus, if Philip, as a third party, may maintain an action in legal malpractice against Willoughby, it must be established that Philip was in privity with Alyce Scholler, Willoughby's client.

Alyce Scholler on behalf of Philip argues that an attorney is liable to a minor child when the attorney negligently negotiates and prepares child support provisions contained in a separation agreement. The requirements of a separation agreement are set forth in R.C. 3105.63 which provides in pertinent part:

"A petition for dissolution of marriage shall be signed by both spouses, and shall have attached and incorporated a separation agreement agreed to by both spouses. The separation agreement shall provide for a division of all property, alimony, and, if there are minor children of the marriage, for custody of minor children, child support, and visitation rights. * * *"

Simply because provisions for child support must be contained in a separation agreement does not compel the conclusion that, in negotiating the terms of a separation agreement, an attorney employed by a spouse also represents the interests of minor children of the marriage. That proposition is supported by the following statutes:

R.C. 3109.05(A) states:

"In a divorce, *dissolution of marriage,* alimony, or child support proceeding, the court may order either or both parents to support or help support their children, without regard to marital misconduct. In determining the amount reasonable or necessary for child support, including the medical needs of the child, the court shall consider all relevant factors including:

"(1) The financial resources of the child;

"(2) The financial resources and needs of the custodial parent and of the noncustodial parent, when there is only one custodian;

"(3) The standard of living the child would have enjoyed had the marriage continued;

"(4) The physical and emotional condition of the child, and his educational needs;

"(5) The financial resources and needs of both parents, when there are joint custodians;

"(6) The educational needs of the child and the educational opportunities that would have been available to him had the circumstances requiring a court order for his support not arisen.

"The court shall include in the support order the requirement that one of the parents subscribe to a hospital service plan on behalf of the child." (Emphasis added.)[2]

Additionally, R.C. 3103.03 reads:

"The husband must support * * * his minor children out of his property or by his labor."

Finally, R.C. 3105.65(B) provides:

"If, upon review of the testimony of both spouses, and of the report of the investigator pursuant to Civil Rules, the court approves the separation agreement and any amendments thereto agreed upon by the parties, it shall grant a decree of dissolution of marriage incorporating the separation agreement. * * * The court has full power to enforce its decree, and retains jurisdiction to modify all matters of custody, child support, and visitation."

The foregoing indicates that the husband's duty to support his minor children is independent from the other obligations attendant to the dissolution of a marriage. The court must be satisfied that the child support provision in the separation agreement represents compliance with the husband's duty of support. As a result, it cannot be said that the interests of the wife in negotiating a separation agreement to achieve a fair division of marital assets are concurrent with the interests of the child to receive support. Cf. *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186, 190 [20 O.O.3d 196]. It is not the wife's responsibility alone to see that a proper amount of child support is provided for in the separation agreement. That responsibility ultimately lies in the court upon consideration of the factors enumerated in R.C. 3109.05(A).

Moreover, the trial court, pursuant to R.C. 3105.65(B), retains jurisdiction to modify the payment of child support when the circumstances would indicate. The facts of the case at bar indicate that, at one point, child support was increased upon Alyce Scholler's request for a modification.

Consequently, the interests of a spouse in a separation agreement leading to the dissolution of marriage are not the same as those of a minor child of a marriage. As such, an attorney who represents a spouse in the negotiation of a separation agreement does not simultaneously, automatically represent the interests of a minor child of the marriage.

Accordingly, the judgment of the court of appeals upholding summary judgment in favor of Willoughby in the malpractice action brought by Alyce Scholler on behalf of Philip is affirmed.

### III

The third issue for our review is whether the factual findings made by the domestic relations court in Alyce Scholler's motion for relief from judgment

---

[2] Although this statute has been amended since the time the separation agreement herein was negotiated, the amended version, cited above, is not materially different from the former version.

under Civ. R. 60(B) preclude relitigation of those findings in a subsequent civil action.

In *Trautwein* v. *Sorgenfrei* (1979), 58 Ohio St. 2d 493 [12 O.O.3d 403] this court held:

"A point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privies. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. (*Whitehead* v. *Genl. Tel. Co.* [1969], 20 Ohio St. 2d 108 [49 O.O.2d 435], paragraph two of the syllabus approved and followed.)"

See, also, *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, paragraph one of the syllabus.

In seeking relief under Civ. R. 60(B), Alyce Scholler alleged that Michael Scholler fraudulently withheld critical financial information during the negotiation of the separation agreement. The domestic relations court made complete and thorough findings of fact and conclusions of law and found specifically in part as follows:

"6. Alyce Scholler had sufficient knowledge of the business assets of Michael Scholler and of the personal assets of the parties so that it cannot be said that she was ignorant of any of the facts covered by any representations made by Michael Scholler during the negotiating process.

"* * *

"11. The Court finds from all the evidence that there was no fraudulent course of conduct on the part of Michael P. Scholler that would warrant setting aside the Separation Agreement and the Dissolution of Marriage Decree."

An examination of the "Statement of the Case" accompanying Alyce Scholler's motion for relief from judgment under Civ. R. 60(B) reveals a set of factual allegations virtually identical to those pleaded in Alyce Scholler's complaint in the case at bar. It is clear then that, in the instant action, Alyce Scholler is attempting to relitigate the same facts which were directly put in issue in the Civ. R. 60(B) proceeding. *Goodson, supra,* at 203. There is no question that Alyce and Michael Scholler, adverse parties in the instant action, occupied the same position in the former action. Since the doctrines of *res judicata* and collateral estoppel will preclude relitigation in a subsequent action of those issues of law or fact at issue and passed upon in a former action, it follows that Alyce Scholler may not relitigate her claim of fraud against Michael Scholler.

Alyce Scholler relies on *Coulson v. Coulson* (1983), 5 Ohio St. 3d 12, for the proposition that her Civ. R. 60(B) proceeding actually claimed a "fraud upon the court" while the instant complaint alleged "fraud *inter partes.*" In this regard Alyce Scholler suggests that the former and subsequent actions differ because: Alyce Scholler now seeks monetary and equitable relief whereas in the Civ. R. 60(B) proceeding she asked that the dissolution be set aside; the Civ. R. 60(B) proceeding was tried to the court while the instant complaint is triable to a jury; and the evidence necessary in the Civ. R. 60(B) proceeding needed to show that Michael Scholler's actions were directed to the court while the evidence in the case at bar must show how Michael Scholler's actions were fraudulent as to Alyce Scholler.

In *Trautwein, supra,* we observed at page 495:

" '[U]nder the rule of collateral estoppel, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may nevertheless affect the outcome of the second suit.' " See *Goodson, supra,* at 195, fn. 4.

Both the former and current actions are founded upon Alyce Scholler's allegations that Michael Scholler fraudulently withheld critical financial information and misrepresented his financial status during negotiation of the separation agreement. Alyce Scholler's suggestion that the causes of action differ is inconsequential.

Furthermore, Alyce Scholler's reliance on *Coulson, supra,* is tenuous. In *Coulson, supra,* at page 15, we acknowledged that " ' * * * [a]ny fraud connected with the presentation of a case to a court is a fraud upon the court, in a broad sense.' " However, in *Coulson* this court more narrowly defined "fraud upon the court" as the situation "[w]here an officer of the court, *e.g.,* an attorney * * * actively participates in defrauding the court * * *." *Id.* at 15. In the case at bar, Alyce Scholler's complaint makes no allegations of fraud committed by any officer of the court. The allegations in the complaint are solely directed to a claim of fraud committed by Michael Scholler. That being the case, *Coulson, supra,* has no application to the instant cause and reliance thereon offers no support to Alyce Scholler's argument.

Accordingly, the judgment of the court of appeals upholding the issuance of summary judgment in favor of Michael Scholler on the basis of collateral estoppel is affirmed.

## IV

The final issue is whether application of the doctrine of collateral estoppel bars the action of Alyce Scholler on Philip Scholler's behalf against Michael Scholler as well. In order to invoke the doctrine of collateral estoppel, the parties to the subsequent action must be the same as the parties to the former action, or in privity therewith. As we previously discussed, Philip was not in privity with his mother in the dissolution of marriage proceedings. Neither was Philip a party to Alyce Scholler's Civ. R. 60(B) proceeding. As a result, the court of appeals correctly held that Alyce Scholler on behalf of

Philip is not collaterally estopped from bringing this action against Michael Scholler.[3]

Accordingly, the judgment of the court of appeals vacating summary judgment in favor of Michael Scholler in the action brought by Alyce Scholler on behalf of Philip is affirmed.

> *Judgment affirmed in part,*
> *reversed in part, and cause*
> *remanded.*

KOEHLER, SWEENEY, C. BROWN and J.P. CELEBREZZE, JJ. concur.

LOCHER, J., concurs in judgment only.

HOLMES, J., concurs in part and dissents in part.

KOEHLER, J., of the Twelfth Appellate District, sitting for W. BROWN, J.

HOLMES, J., concurring in part and dissenting in part. I am in agreement with the majority as to the disposition of all issues presented here, with the exception of the last. In the first instance, there is no legal right of action by Alyce Scholler on behalf of the son Philip against his father for support. This is not a separate and distinct right of action from that which Alyce Scholler had previously pursued. The issues as previously determined by the court would be the same issues that would be presented within any action that the mother on behalf of the son might pursue in a claim for support.

The sole issue to be presented would be the fraud or misrepresentation of the father's income and assets. This issue had been previously determined in favor of the father in the action brought by Alyce Scholler.

The interests of the mother on this issue in the prior litigation were, for all intents and purposes, precisely the interests of Philip. There was, in this regard, perfect privity between the mother and the son, and the doctrine of collateral estoppel would prevent any further proceedings on such issue.

Accordingly, I would reverse the judgment of the court of appeals on this issue.

---

[3] The court of appeals also concluded that, in light of the allegation of fraud by Alyce Scholler on behalf of Philip Scholler, a genuine issue of material fact existed as to whether Michael Scholler had abandoned the parental relationship with his minor son so as to avoid application of the doctrine of parental immunity. See *Teramano* v. *Teramano* (1966), 6 Ohio St. 2d 117, 119-120 [35 O.O.2d 144]; *e.g., Dorsey* v. *State Farm Mut. Auto. Ins. Co.* (1984), 9 Ohio St. 3d 27. Michael Scholler has not appealed that determination.