LOWE ET AL. *v.* EYLER.

(No. 85-CV-0393 — Decided June 6, 1985.)

Court of Common Pleas of Clermont County.

*Flach Douglas,* for plaintiffs.
*Marshall McCachran, pro se.*
*Rex E. Ely, pro se.*

WATSON, J. On May 2, 1985, plaintiffs, Charles and Ruth Lowe, filed their complaint for specific performance naming, *inter alia,* as defendants, Rex E. Ely and Marshall McCachran.

On May 7, 1985, defendant McCachran filed his motion to dismiss the complaint as against him. On May 7, 1985, defendant Ely also filed a motion to dismiss, together with an accompanying affidavit, which for purposes of the motion to dismiss, this court shall disregard and exclude, the court not wishing to convert the motion to one for summary judgment at this time under Civ. R. 12(B).

The gist of both motions to dismiss is that the complaint fails to state a claim upon which relief can be granted, because of a lack of privity between the third parties (plaintiffs) and themselves, defendants Ely and McCachran, attorneys-at-law, the third parties being

strangers to the attorney-client relationship between themselves and the clients, defendants Eyler and Wilson.

The most recent statement by the Supreme Court of Ohio concerning an attorney's immunity from liability to third persons was made in *Scholler* v. *Scholler* (1984), 10 Ohio St. 3d 98. In *Scholler,* the Supreme Court ruled in paragraph one of the syllabus that:

"An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such person is in privity with the client or the attorney acts maliciously."

The *Scholler* court held that the interests of the third party must be the same as that of the attorney's client in order for the attorney to be liable to the third party for any performance in the course of the attorney-client relationship.

The pertinent paragraphs of the complaint allege:

"Defendant [attorney] is the attorney for [clients], and acted upon both their authority and in excess of his authority and, thus, is personally responsible for the misfeasance and malfeasance hereinafter claimed."

"Defendants and their agents, and acting either as agents and individually, have deprived the Plaintiffs of their rights to the above described property and have made it necessary for the Plaintiffs to employ counsel at great expense, and the defendants have engaged in interference of contract, knowing that said interference was illegal, unlawful and was done with wanton disregard to the Plaintiffs' rights."

The court finds that the complaint fails to state a claim upon which relief can be granted insofar as the complaint alleges liability against the attorneys for actions performed in their attorney-client relationships with their clients. *Scholler* dictates this result. There is a lack of privity.

Further, the court finds that the complaint fails to state a claim upon which relief can be granted insofar as the complaint fails to allege that either attorney acted maliciously. The court cannot say that the allegations of misfeasance and malfeasance rise to the level of maliciousness necessary to overcome the motion to dismiss, and to state a cause of action under *Scholler.* Therefore the motions to dismiss are well-taken and granted.

*Motions to dismiss granted.*