OPINION
Appellant Kenneth E. Dawson appeals a summary judgment of the Stark County Common Pleas Court dismissing his negligence action against appellee Wendy J. Rockenfelder:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN RULING THAT AN ATTORNEY ENJOYS ABSOLUTE IMMUNITY WHILE COMMITTING A VIOLATION OF A SPECIFIC OHIO STATUTE OF LAW AND BY SUMMARILY FINDING IN FAVOR OF DEFENDANT-APPELLEE WHEN GENUINE ISSUES OF MATERIAL FACT EXIST IN DETERMINING IF DEFENDANT-APPELLEE COMMITTED ACTUAL MALICE AGAINST (THIRD PARTY) PLAINTIFF-APPELLANT.
 II. THE TRIAL COURT ERRED AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN DETERMINING THAT DEFENDANT WAS WITHIN THE SCOPE OF HER DUTIES AS AN ATTORNEY AT THE TIME SHE COMMITTED HER NEGLIGENT ACTIONS.
 III. THE TRIAL COURT ERRED IN SUMMARILY FINDING THAT PLAINTIFF DID NOT SUPPORT HIS CLAIM SUFFICIENTLY TO DEFEAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.
Appellant brought the instant action against appellee for negligence, alienation of affections, and breach of duty. Appellant claimed that appellee acted improperly during her legal representation of Janet Dawson, appellant's ex-wife, in conjunction with a custody dispute.
On April 6, 1995, appellant and his ex-wife were divorced in the Stark County Common Pleas Court, Domestic Relations Division. The Decree of Dissolution gave appellant custody of Jeffrey Dawson, the parties' minor son. In early December, 1995, appellant's ex-wife contacted appellee expressing concern about the welfare of her son. After discussion, appellee recommended to Janet Dawson that she seek designation as Jeffrey's residential parent. After consultation and direction from Janet, appellee prepared an affidavit with a motion, seeking change of custody. The motion alleged that appellant was physically and verbally abusive to his minor son. The motion further claimed that the change of custody was in the best interest of Jeffrey. After reviewing the application, the Stark County Common Pleas Court, Domestic Relations Division, transferred custody of Jeffrey to Janet Dawson.
Appellant claimed that appellee improperly violated his parental rights by speaking with his son concerning the change of custody. Appellant claimed that appellee estranged his son during these conversations.
Appellee moved for summary judgment on the basis that she was entitled to qualified immunity, as all contact with Jeffrey occurred during her representation of Janet Dawson, and was within the scope of her duties in representing Janet in their custody dispute. The court granted the motion for summary judgment, dismissing appellant's complaint.
 I.
Appellant first argues that appellee is not entitled to immunity, as she acted with actual malice toward him. He argues that she failed to report suspected abuse, indicating that she knew the claim of abuse was unfounded and, therefore, acted maliciously in filing the motion alleging the child was physically and verbally abused.
An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless the third person is in privity with the client, or the attorney acts maliciously.Scholler vs. Scholler (1984), 10 Ohio St.3d 98, at paragraph one of the syllabus.
Appellee never represented appellant. In her representation of appellant's ex-wife, she was in an adversarial position with appellant. Therefore, she can only be liable to appellant upon a showing of malice.
Appellant presented no evidence to demonstrate malice. Appellee presented evidence that all contact with Jeffrey Dawson was within the bounds of her representation of Janet Dawson during the change of custody proceeding. Although appellant claims that appellee spoke to his son before filing the change of custody petition, in an attempt to sway him against appellant, the record does not support this claim. The only evidence in the record reflects that appellee did not speak to Jeffrey about the case until July 8, 1996, after the change of custody motion was filed. At that time, it was within the scope of her duties as Janet's attorney to meet with Jeffrey and Janet to discuss the custody issues.
As for appellant's claim that appellee knew the abuse allegations were unfounded, and therefore, acted maliciously by filing a motion alleging such abuse, appellant presented no evidence that appellee knew the allegations were unfounded. Appellee's affidavit states that after discussing the case with Janet, she believed there was a viable claim for change of custody. She submitted an affidavit of Janet Dawson with the motion for change of custody setting forth her sworn statement concerning her belief that the child was physically and verbally abused by appellant. There is no evidence to suggest that appellee filed the motion and supporting affidavit of Janet Dawson out of malice for appellant.
The first Assignment of Error is overruled.
 II.
Appellant argues that the court erred in finding that appellee met with Jeffrey within the scope of her duties as Janet's attorney.
As stated above, the only evidence in the record reflects that appellee did not meet with Jeffrey until after the change of custody motion was filed. At that time, it was within the scope of her duties to meet with Jeffrey and Janet to discuss the pending motion. There is no evidence in the record to support appellant's claim that she met with the child before the motion was filed, in an attempt to sway him to seek a change of custody.
The second Assignment of Error is overruled.
 III.
Appellant argues that the court erred in finding that he did not present sufficient evidence to defeat appellee's motion for summary judgment. The moving party bears the initial burden of informing the court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the non-moving party's claim. Vahilla vs. Hall (1997), 77 Ohio St.3d 421,429. If the moving party satisfies its initial burden, the non-moving party has a reciprocal burden pursuant to Civ.R. 56 (E) to set forth specific facts demonstrating that there is a genuine issue for trial. Id. If the non-movant does not so respond, summary judgment shall be entered against the non-moving party.Id.
In the instant case, appellee supported the motion for summary judgment with evidence demonstrating that she was entitled to immunity from the instant suit. Appellant presented no evidence in response to demonstrate that she acted with actual malice. Accordingly, the court did not err in finding that appellant failed to discharge its burden pursuant to Civ.R. 56 (E).
Appellant also argues that the court failed to give him sufficient time to conduct discovery, which prejudiced his ability to present evidence in support of his claim. Appellant filed a motion for extension of time stating that appellee had not yet responded to his request for production of documents and interrogatories. As the answers had been filed at the time the court entertained the motion, the court found the motion to be moot. Appellant failed to file a motion to compel discovery, or to seek an additional extension until the oral argument of the summary judgment motion. The court did not err in denying the request for additional time at that stage of the proceedings.
The third Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Farmer, P. J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997CA00131
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.