OPINION
Appellant John Nix appeals the decision of the Stark County Court of Common Pleas that granted summary judgment on behalf of Appellees Weston Hurd Fallon Paisley Howley L.L.P. ("Weston Hurd"); Nationwide Mutual Insurance Company ("Nationwide"); Rhoa, Follen Rawlin Co., L.P.A., ("Rhoa, Follen"); and Ronald V. Rawlin dba Ronald V. Rawlin Associates ("Rawlin"). The following facts give rise to this appeal. Appellant John Nix filed this complaint on December 14, 1998. The complaint sets forth four separate causes of action: civil conspiracy to conceal criminal conduct, conspiracy to defraud appellant, state RICO claim, and legal malpractice claim. Appellant asserted the first three claims against multiple appellees. However, appellant only asserted the claim of legal malpractice against Appellee Rawlin. In the complaint, appellant alleges that during the first quarter of 1994, he was the victim of an illegal wiretapping scheme which involved the interception and recording of his telephone communications from his residence on Brookside Drive in Cleveland, Ohio. The wiretapping occurred on a continual basis for approximately one month. At the time of this incident, Appellee O'Malley was the City of Cleveland councilman for the ward where appellant resided. Appellant discovered the wiretapping on March 29, 1994. Thereafter, on April 22, 1994, appellant and certain other victims filed a federal wiretapping action in federal district court. Appellee O'Malley was named as a defendant in that case. Appellee O'Malley tendered the defense of the case to his homeowner's insurer, Appellee Nationwide, which provided a defense to Appellee O'Malley under a reservation of rights. In September 1994, Appellee Nationwide informed Appellee O'Malley that it was terminating their defense of him, in the Sword case, under the intentional and criminal acts' exclusions of the policy. Appellee O'Malley disputed Appellee Nationwide's right to terminate their defense of him. Appellee Nationwide obtained Appellee Rawlin to represent them with regard to the dispute. Appellee Rawlin filed a declaratory judgment action against Appellee O'Malley in the Cuyahoga County Court of Common Pleas. In that lawsuit, Appellee Nationwide alleged it had no obligation to defend or pay any judgment rendered against Appellee O'Malley, in the Sword case, under the intentional act's exclusion of its policy. Appellee Nationwide named Appellant John Nix as a defendant. Upon service of the complaint, Appellant John Nix concluded that Appellee Nationwide had conducted an investigation into Appellee O'Malley's claim and discovered evidence that he was involved in the wiretapping. Appellant Nix immediately served document requests on Appellee Nationwide and Appellee O'Malley seeking to discover the communications between Appellee Nationwide and Appellee O'Malley. Following these discovery requests by appellant, Appellee O'Malley signed a release of Appellee Nationwide, causing Appellee Nationwide to dismiss its lawsuit. Subsequently, on November 9, 1994, Appellant Nix and other wiretap victims filed another lawsuit in the Cuyahoga County Court of Common Pleas. In that case, Appellant Nix and other related plaintiffs named Appellees O'Malley and Nationwide as defendants. Appellant Nix sought declaratory relief that insurer defendants, including Appellee Nationwide, could not lawfully defend their insureds, in the Sword case, because of the intentional act's exclusion contained in their policies. Appellant Nix also sought to discover the communications between Appellee Nationwide and Appellee O'Malley. Appellee Nationwide requested a protective order. In February 1995, Appellee Weston Hurd withdrew as counsel, for Appellee O'Malley, in the Sword case. The City of Cleveland undertook appellee's defense. On February 10, 1995, the Cuyahoga County Court of Common Pleas dismissed the Master case finding that Appellant Nix and related plaintiffs lacked standing to bring the action until they had prevailed in the wiretapping case. The dismissal prevented Appellant Nix from discovering Appellee Nationwide's records. In April 1995, William Weinkamer, Appellant Nix's accountant, filed a second wiretapping case. The complaint, in that case, named Appellee Nationwide as a defendant. The case was later dismissed pursuant to a motion to dismiss filed by Appellee Nationwide. During the course of defending Appellee O'Malley in the Sword and Weinkamer cases, Appellees O'Malley and Weston Hurd disclosed the contents of the wiretap tapes, in affidavits filed by Appellee O'Malley, in federal district court. As a result of this disclosure, on December 27, 1995, Appellant Nix sued Appellees O'Malley and Weston Hurd, in the Cuyahoga County Court of Common Pleas, for disclosing the contents of the tapes in violation of the Ohio Wiretap Act. This matter was later removed to federal court. The affidavits submitted by Appellee O'Malley, to the district court, prepared by Appellee Weston Hurd, claimed that Appellee O'Malley was only exposed to the wiretap tapes on a single occasion, at the Cleveland Police Department. In his affidavits, Appellee O'Malley claimed that because the Cleveland Police Department had possession of the tapes, he assumed the conversations had been lawfully recorded. Appellee O'Malley also claimed, in affidavits and answers to interrogatories, that he was not involved in the wiretapping. In the matter currently before the court, appellant claims that newly discovered evidence, obtained in January 1999, reveals that Appellee O'Malley made false statements in his affidavits and prior statements. Appellant Nix also contends the evidence indicates Appellee O'Malley was involved in the wiretapping. Appellant further maintains Appellees Nationwide and Rawlin have assisted Appellees O'Malley and Weston Hurd in concealing evidence of Appellee O'Malley's wiretapping involvement. On February 19, 1999, Appellee Weston Hurd filed a motion to dismiss. Appellees Nationwide and Rawlin also filed motions to dismiss. In these motions, appellees alleged that appellant's claims were barred by the doctrines of res judicata and/or collateral estoppel based on the Sixth Circuit Court of Appeal's decision in Nix v. O'Malley (1998), 160 F.3d 343. Appellant opposed appellees' motions to dismiss and argued said motions should be addressed as motions for summary judgment because they presented matters outside the complaint. Pursuant to appellant's argument, the trial court converted the motions to dismiss to motions for summary judgment. The trial court granted appellees' motions for summary judgment on June 2, 1999. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES BASED UPON ITS CONCLUSION THAT THE SIXTH CIRCUIT'S STATEMENT THAT APPELLEE O'MALLEY DID NOT ILLEGALLY OBTAIN THE WIRETAP TAPES IS THE LAW OF THE CASE IN NIX V. O'MALLEY AND ENTITLED TO A COLLATERAL ESTOPPEL EFFECT IN THIS CASE.
 II. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CLAIM OF CONSPIRACY TO DEFRAUD BECAUSE AN INDEPENDENT TORT REMEDY FOR SUCH CONDUCT EXISTS.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE RAWLIN ON APPELLANT'S LEGAL MALPRACTICE CLAIM.
 IV. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR LEAVE TO AMEND THE COMPLAINT TO ASSERT A CLAIM OF SPOILATION OF EVIDENCE.
 Summary Judgment Standard
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
* * *
 A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280. It is based on this standard that we review appellant's assignments of error.
 I
In his First Assignment of Error, appellant contends the trial court erred in granting summary judgment on behalf of appellees, under the doctrine of collateral estoppel, based on the Sixth Circuit Court of Appeal's ruling in Nix v. O'Malley, supra, that Appellee O'Malley did not illegally obtain the wiretap tapes. We disagree. In arguing this assignment of error, appellant refers to the doctrine of law of the case. This doctrine is inapplicable to the case sub judice as it applies to subsequent proceedings in the same case. The matter currently before the court involves claims filed in state court. The trial court relied on a statement of law in a case filed by appellant in federal court. The statement of law relied on, by the trial court, was not from the same case. In Rose v. Rose (Sept. 27, 1999), Morrow App. No. CA-870, unreported, at 2, we discussed the doctrine of law of the case. That doctrine requires after a reviewing court has reversed and remanded a cause for further action in the trial court, and the unsuccessful party does not prosecute review to the Supreme Court, the pronouncement of the law by the intermediate court becomes law of the case, and must be followed by the lower court in subsequent proceedings in that case. Stemen v. Shibley (1982), 11 Ohio App.3d 263, 265. A trial judge is without authority to resolve the law at variance with the mandate of the Court of Appeals. Id.
The doctrine of the law of the case is necessary, not only for consistency of result and the termination of litigation, but to preserve the structure of the judiciary as set forth in the Ohio Constitution, designating a system of superior and inferior courts, each possessing a distinct function. Id. The Constitution does not grant to a Court of Common Pleas jurisdiction to review a prior mandate of a Court of Appeals. Id.
A review of the trial court's judgment entry indicates the trial court did not apply the doctrine of law of the case in granting summary judgment on behalf of appellees, but rather applied the doctrine of collateral estoppel. In McIntosh v. Roadway Express, Inc. (1994), 94 Ohio App.3d 195, 199, the court of appeals discussed the doctrine of collateral estoppel. The doctrine of collateral estoppel precludes a party from relitigating an issue of fact or law when the following elements are met:
 `(1) The party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been admitted or actually tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit. Hicks v. De La Cruz (1977), 52 Ohio St.2d 71, 74-75 * * *.'
Accordingly, even where the cause of action is different in a subsequent suit, a judgment in a prior suit may affect the outcome of the second suit.
In the prior case relied on by the trial court, the Sixth Circuit Court of Appeals stated that: We emphasize that Nix does not present a genuine question of material fact as to whether O'Malley illegally obtained the recordings: the evidence discussed above suggests only that O'Malley eventually learned that the unidentified interceptor broke the law. Nix has produced no competent evidence to counter O'Malley's claim that O'Malley first learned of the intercepted communications when Officer Sazima summoned him to the police station and played the tapes. Nix at160 F.3d 343, 350.
Although this statement by the Sixth Circuit Court of Appeals was made in the context of appellant's wiretapping claim, we find it applicable to appellant's claim of conspiracy to conceal criminal conduct and obstruct justice. A claim of civil conspiracy is recognized in Ohio with the following required elements: 1. A malicious combination; 2. two or more persons; 3. injury to persons or property; and 4. existence of an unlawful act independent from the actual conspiracy. Schrock v. D N Development, Inc. (June 28, 1995), Tuscarawas App. No. 94AP080057, unreported, at 2.
The trial court concluded that appellant could not establish that Appellee O'Malley was involved in an unlawful act independent from the actual conspiracy since the Sixth Circuit Court of Appeals found no issue of material fact as to whether Appellee O'Malley illegally obtained the recordings. We find the trial court properly applied the doctrine of collateral estoppel. First, appellant and Appellee O'Malley were both parties to the federal case. Second, the Sixth Circuit Court of Appeals reached a final judgment, on the merits, concluding that appellant failed to raise a genuine issue of material fact as to whether Appellee O'Malley illegally obtained the recordings. Appellant had a full and fair opportunity to establish Appellee O'Malley's involvement but failed to do so. Third, the issue of Appellee O'Malley's involvement in illegally obtaining the recordings was decided by the Sixth Circuit Court of Appeals and was necessary for appellant's wiretapping claim. Finally, the issue in the case sub judice, i.e. the existence of an unlawful act independent from the actual conspiracy, is identical to the issue discussed by the Sixth Circuit Court of Appeals concerning whether Appellee O'Malley illegally obtained the recordings. Appellant also argues, in this assignment of error, that he has new evidence, discovered after the Sixth Circuit Court of Appeals issued its decision in Nix v. O'Malley, supra, that supports his claim that Appellee O'Malley illegally obtained the recordings. We agree with the trial court's conclusion that appellant should file a motion for relief from judgment, in Nix v. O'Malley, supra, on the basis of newly discovered evidence. We conclude the trial court did not err when it applied the doctrine of collateral estoppel and granted appellees' motions for summary judgment. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in granting summary judgment on his claim for conspiracy to defraud. We disagree. Under this assignment of error, appellant alleges appellees conspired to conceal information requested by the federal district court, for in camera inspection, so Appellee O'Malley and others could hide their involvement in the wiretapping. This assignment of error concerns the following facts that transpired in federal district court. On May 8, 1997, Appellee Weston Hurd, on behalf of its client, Appellee O'Malley, submitted under seal, for in camera inspection, correspondence and written communications between Appellee Nationwide and Appellee O'Malley. Upon review of the documents, the federal district court concluded there were no documents contained within the file that would suggest the involvement of Appellee O'Malley in the alleged wiretapping and that the insurance communications would remain under seal. Count Two of appellant's complaint also alleges that Appellee Weston Hurd submitted false affidavits, by Appellee O'Malley, to the federal district court. We find the trial court properly concluded that the federal district court should address these discovery issues. It is not proper for the common pleas court to address discovery issues that arose in federal district court. Thus, the trial court properly granted summary judgment, on behalf of appellees, concerning appellant's claim for conspiracy to defraud. Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in his Third Assignment of Error, that the trial court erred in granting summary judgment on his claim of malpractice against Appellee Rawlin. We disagree. The trial court granted summary judgment, on appellant's malpractice claim, on the basis that an attorney-client relationship did not exist between appellant and Appellee Rawlin. Judgment Entry, June 2, 1999, at 4. In support of this assignment of error, appellant cites to the case of Scholler v. Scholler (1984), 10 Ohio St.3d 98. In Scholler, the Ohio Supreme Court held:
 An attorney is immune from liability to third persons arising from his performance as an attorney in good faith on behalf of, and with the knowledge of his client, unless such person is in privity with the client or the attorney acts maliciously.
Id. at paragraph one of the syllabus.
The record in this matter indicates that Appellee Rawlin never represented appellant. Appellee Rawlin only represented Appellee Nationwide. Thus, in order to establish a legal malpractice claim against Appellee Rawlin, appellant must allege that Appellee Rawlin was in privity with appellant or that Appellee Rawlin acted maliciously toward appellant. A review of the complaint indicates appellant did not allege privity or maliciousness. Appellant only used the word "malicious", in paragraph 184, in connection with his claim for punitive damages. Having failed to allege the necessary elements to set forth a claim for legal malpractice, we find the trial court properly granted summary judgment on behalf of Appellee Rawlin. Appellant's Third Assignment of Error is overruled.
 IV
Appellant maintains, in his Fourth Assignment of Error, that the trial court erred in denying his motion for leave to amend the complaint to assert a claim of spoilation of evidence. We disagree. Amendments to pleadings are governed by Civ.R. 15(A). This rule provides as follows:
 (A) A party may amend his pleading once as a matter of course at any time before a responsive pleading is served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires. * * *
In Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120, syllabus, the Court explained: Where a plaintiff fails to make a prima facie showing of support for new matters sought to be pleaded, a trial court acts within its discretion to deny a motion to amend the pleading. Thus, we will not disturb the trial court's decision absent an abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. In support of his motion to amend, appellant attached pleadings, motions and transcripts from other cases pending in federal court. We do not find the trial court abused its discretion when it denied appellant's motion to amend as it appears that appellant merely sought to raise additional issues which were currently pending in other federal court cases. Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J. FARMER, P.J., concurs.
EDWARDS, J., concurs in part and dissents in part.