OPINION
Ronald Culp, defendant-appellant, appeals a judgment of the Franklin County Court of Common Pleas granting the motion for relief from judgment filed by defendants-appellees, Stan Cataland, William R. Zumstein, and Danny L. Smith ("appellees").
The present appeal is before us based upon an action we previously remanded to the trial court in In The Matter Of:Foreclosure of Liens for Delinquent Land Taxes v. Parcels of LandEncumbered with Delinquent Tax Liens (Sept. 4, 1997), Franklin App. No. 97APE02-197, unreported. On February 28, 1995, the Franklin County Treasurer ("Treasurer") initiated foreclosure proceedings in case No. 95CVE-02-1452 against a residential property located at 6310 Linworth Road, Worthington, Ohio. A complaint was filed pursuant to R.C. 5721.18(C) as an in rem
proceeding for nonpayment of taxes by appellant, the owner of the property. Service by certified mail failed, and the returned envelope did not indicate a reason for nondelivery. Simultaneous with the mailing of the certified notice, the Clerk of Courts published notice in The Daily Reporter. On May 4, 1995, the trial court granted a default judgment against appellant and ordered the property to be sold. The property was sold to appellees at public auction for $5,900 on June 25, 1995.
On July 17, 1996, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), arguing that he was not served with proper notice regarding the complaint in foreclosure and subsequent sale of the property. On August 23, 1996, the trial court granted appellant's motion, finding that he did not receive proper notice of the sale. On September 16, 1996, appellees filed a motion to intervene and a motion for reconsideration of the trial court's decision granting appellant's motion for relief from judgment. On February 5, 1997, the trial court reversed its prior decision and denied appellant's motion for relief from judgment; appellant appealed. In The Matter Of:Foreclosure of Liens for Delinquent Land Taxes, supra, we reversed the trial court's decision and remanded the action, finding that the Treasurer could not presume service reasonably calculated to give appellant notice occurred.
Upon remand, KeyBank National Association ("KeyBank") filed a motion on October 16, 1997, to consolidate a separate case, case No. 97CVE-07-7122, with the present case because both cases were foreclosure actions regarding the same parties and parcel of real property. On March 4, 1998, appellant moved for an order reinstating him as title owner of the property. Appellees filed a reply and requested an evidentiary hearing on the issue of notice to appellant. On April 15, 1998, the trial court denied appellant's motion and ordered an evidentiary hearing on the notice issue. On May 20, 1998, the court granted KeyBank's motion to consolidate the cases. On August 17, 1998, KeyBank filed a motion for default judgment against appellant and appellees for failure to answer its complaint.
The court conducted an evidentiary hearing on the notice issue and, on August 24, 1998, issued a decision finding that appellant did not receive proper notice of the foreclosure. Pursuant to its finding in the August 24, 1998 decision, the trial court issued an order on October 2, 1998, vacating the sale of the property and returning title to appellant. The Treasurer indicated that it would be difficult to undo the previous transaction and return the $5,900 to appellees, so as a result, on November 17, 1998, the court issued a supplemental judgment entry ordering appellant to pay appellees $5,900.
On March 3, 1999, appellees moved for relief from the October 2 and November 17, 1998 judgments pursuant to Civ.R. 60(B) on the basis that appellant had failed to comply with the order to pay them $5,900. On May 11, 1999, the trial court granted KeyBank's default judgment ordering that, unless certain amounts due were paid, the property would be foreclosed, and appellant and appellees would be forever barred from asserting any interest in the property.
On May 12, 1999, the court filed a decision granting appellees' March 3, 1999 motion for relief from judgment. On May 24, 1999, the court issued a judgment entry vacating its judgment entries of October 2, 1998 and November 17, 1998, and restoring possession of the property to appellees. Appellant appealed the trial court's May 11, 1999 and May 24, 1999 judgments, asserting the following four assignments of error:
 I. The Trial Court erred in entering judgment on May 24, 1999 granting a Civ.R. 60(B) motion to vacate therein its Judgment Entry of October 2, 1998 which had properly found due process was not met by the June 28, 1995 sale of Parcel No. 100-5252, when the Civ.R. 60(B) motion stated no grounds as required by Civ.R. 60(B) to vacate the entry, and when the October 2, 1998 entry was valid and the only entry that could be rendered consistent with the unchallenged Decision and Finding of August 24, 1998 that due process notice was not given in the sale.
 II. The Trial Court erred in its Judgment Entry of May 24, 1999 in validating the June 28, 1995 sale as such entry was contrary to the law of the case as established by the Court of Appeals in 97 APE 02-197 and arose from the error in its April 15, 1998 decision to conduct a further evidentiary hearing after remand.
 III. The Trial Court erred in its judgment entry of May 11, 1999 relating to Franklin County Common Pleas Case No. 97 CVE 07-7122 consolidated with Case No. 95 CVE 02-1452 as defendant was not in default of answer having never been served with process in said case.
 IV. The Trial Court erred in that its judgment entries of May 11, 1999 and May 24, 1999 are inherently contradictory in that the first grants default to Key Bank, N.A., against Cataland, Zumstein, and Smith and orders a foreclosure sale while the subsequent Entry affirms the original sale to Cataland, Zumstein, and Smith.
We must first note that appellant has dismissed his appeal as it relates to the May 11, 1999 judgment, and, thus, we need not address his third and fourth assignments of error. Further, we agree with appellant's concession in his brief that the issue argued in his second assignment of error is moot. Therefore, we decline to address appellant's second, third, and fourth assignments of error because they are moot. See App.R. 12(A)(1)(c).
Appellant argues in his first assignment of error that the trial court erred in entering its May 24, 1999 judgment in which it granted appellees' Civ.R. 60(B) motion to vacate its October 2, 1998 and November 17, 1998 judgments, because appellees' motion stated no grounds as required by Civ.R. 60(B). To prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146
. The decision to grant a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of abuse of discretion.Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Appellees' motion for relief from judgment was based upon "the grounds that Defendant Culp has not complied with these orders to reimburse Movants." Appellees asserted that both appellant's and the Treasurer's actions operated in concert to defraud them. First, appellees claim the Treasurer defrauded them by claiming that it could not reimburse them the $5,900 they paid for the property due to the complexity of reversing the transaction and by convincing the court that appellant should pay them the $5,900 instead. Second, appellees claim that appellant's subsequent failure to pay the $5,900 ordered in the November 17, 1998 judgment defrauded them. Appellees based their motion for relief from judgment upon Civ.R. 60(B)(3) and (5).
For the purposes of Civ.R. 60(B), there are two types of fraud — fraud upon the court and fraud by an adverse party. If the alleged fraud occurred between the parties, Civ.R. 60(B)(3) is the only ground upon which the aggrieved party can seek relief from a prior judgment. Coulson v. Coulson (1983), 5 Ohio St.3d 12,15. If, however, a fraud is perpetrated on the trial court, then Civ.R. 60(B)(5) presents the proper basis for requesting relief from an otherwise final judgment or order. Id. The Supreme Court of Ohio has noted that any fraud connected with the presentation of a case is a fraud on the court in the broadest sense. Id. The court, however, has "more narrowly defined `fraud upon the court' as the situation `[w]here an officer of the court, e.g., an attorney *** actively participates in defrauding the court ***.'" Scholler v. Scholler (1984), 10 Ohio St.3d 98, 106, quoting Coulson, supra, at 15.
In the present case, neither appellant nor the Treasurer perpetrated any fraud upon appellees. We find nothing in the record to indicate that appellant or the Treasurer made any particular representation or misrepresentation to appellees, and, therefore, appellees could not have invoked Civ.R. 60(B)(3). Further, no fraud has been perpetrated upon the court by an officer of the court, and, thus, Civ.R. 60(B)(5) was unavailable to appellees in their motion for relief from judgment. Appellees presented no further grounds besides the claim of fraud in their motion for relief from judgment, and the trial court did not enunciate any specific grounds or reasoning upon which it based its decision. Therefore, appellees' motion for relief from judgment failed to meet the second prong set forth in GTE that requires they demonstrate they were entitled to relief pursuant to one of the grounds stated in Civ.R. 60(B)(1) through (5).
What has occurred in this case is that appellant has simply failed to obey an order of the court. The trial court ordered appellant to pay $5,900 to appellees, and appellant failed to pay appellees or make any arrangements for future payment. Failure to follow an order of the court is not grounds for vacation of the entire judgment pursuant to Civ.R. 60(B) but, rather, is more properly subject to a motion for contempt or other appropriate remedies. See R.C. 2705.02(A); Windham Bank v.Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus ("Contempt of court is defined as disobedience of an order of a court."); Hickman v. Hickman (Sept. 29, 1994), Hancock App. No. 5-94-10, unreported (finding that it is both correct and logical to deny a Civ.R. 60(B)(3) motion brought for failure to comply with a court order when the order may be enforced instead through contempt proceedings).
We further note the trial court's granting of appellees' motion for relief from judgment vacated not only the November 17, 1998 judgment, but also vacated the October 2, 1998 judgment, which appellees did not claim was procured by fraud. Appellees' claim of fraud in their motion for relief from judgment related to only the November 17, 1998 judgment, which ordered appellant to pay them $5,900. The October 2, 1998 judgment was entered as a result of the court's August 24, 1998 finding that appellant received insufficient notice of the foreclosure, and appellees did not raise any arguments concerning the issue of notice in their motion for relief from judgment. We find it puzzling that the trial court vacated the October 2, 1998 judgment as a result of appellant's failure to comply with the November 17, 1998 judgment, given that the grounds asserted in appellees' motion for relief from judgment were wholly unrelated to the merits of the October 2, 1998 judgment. Therefore, because the trial court abused its discretion in granting appellees' motion for relief from judgment pursuant to Civ.R. 60(B), appellant's first assignment of error is sustained.
For the reasons set forth above, we find that the trial court erred in granting appellees' motion for relief from judgment. Accordingly, we sustain appellant's first assignment of error and find his second, third, and fourth assignments of error moot. The judgment of the Franklin County Court of Common Pleas is reversed and this cause is remanded to that court to reinstate its October 2, 1998 and November 17, 1998 judgments.
Judgment reversed; cause remanded with instructions.
BOWMAN, P.J., and DESHLER, J., concur.