DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a summary judgment issued by the Wood County Court of Common Pleas in favor a municipal employer in a wrongful employment discharge suit.
 {¶ 2} Appellant, Arlene S. Pownall, worked in the tax division of appellee, city of Perrysburg. In May 1999, appellant found she needed surgery to repair a ruptured breast implant. Appellant and her plastic surgeon set a June 10 appointment for the procedure. Recuperation time following the surgery was expected to be three weeks.
 {¶ 3} Appellant did not inform her supervisor, Lizabeth Larson-Shidler, of her intention to take three weeks off work until June 3, 1999, the Thursday prior to a now rescheduled Monday, June 7 surgery date. Appellant did not inform Shidler of the nature of the procedure.
 {¶ 4} Pursuant to the city's collective bargaining agreement, Shidler asked appellant to fill out an absence request form and provide a certificate from her physician indicating whether the surgery was elective. On Friday, June 4, Shidler received a facsimile from appellant's physician, but the document did not identify the procedure to be performed or indicate whether or not it was elective.
 {¶ 5} When Shidler subsequently spoke to appellant, Shidler knew only that the scheduled procedure was to be performed by a plastic surgeon. Shidler, who testified that she believed at that point that the surgery was to be cosmetic, asked appellant if it could be postponed to accommodate office needs. Appellant was too embarrassed to discuss her surgery. After appellant attempted to explain, she became frustrated and finally said, "I quit." She then left Shidler's office and went home early. She did not return to work until June 28, at which point she was advised her resignation had been accepted.
 {¶ 6} Appellant brought suit in the United States District Court for the Northern District of Ohio. Appellant alleged that appellee violated the Federal Family and Medical Leave Act, 42 U.S.C. § 12161, et seq., and the state age discrimination statute, R.C. 4112.02. Appellant also alleged wrongful discharge in violation of public policy (a claim pursuant to Greeley v. Miami Valley Maintenance Construction, Inc. (1990), 49 Ohio St.3d 228.
 {¶ 7} On a motion for summary judgment, the federal court (applying Ohio law) found that appellant had voluntarily resigned her job and, as a result, could not maintain her federal family leave claim as a matter of law. The federal court declined to exercise further jurisdiction on the remaining state claims, which it dismissed without prejudice.
 {¶ 8} When appellant renewed her state claims in the Wood County Court of Common Pleas, that court applied the doctrine of collateral estoppel, or issue preclusion, holding that the federal court's finding that appellant voluntarily resigned foreclosed relitigation of the issue. Since both the age discrimination claim and the public policy wrongful discharge claim require an adverse employment action, a party who voluntarily resigns cannot make out either claim. Alternatively, the trial court concluded that appellant's forty-three year old replacement was a person herself "belonging to the protected class," see Byrnes v.LCI Communications Holdings Co. (1996), 77 Ohio St.3d 125, 128, defeating a necessary element of the age discrimination claim. A Greeley claim, the common pleas court found, was unavailable to an employee protected by a collective bargaining contract. On these conclusions, the trial court granted summary judgment in favor of appellee.
 {¶ 9} Appellant now appeals from this judgment, asserting, in three assignments of error, that the trial court (1) erred in concluding that collateral estoppel barred her claims; (2) misinterpreted age discrimination law; and (3) was wrong in concluding that a Greeley claim applied only to employees-at-will.
 {¶ 10} "A point of law or a fact which was actually and directly in issue in the former action, and was there passed upon and determined by a court of competent jurisdiction, may not be drawn in question in a subsequent action between the same parties or their privities. The prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action." Scholler v. Scholler (1984), 10 Ohio St.3d 98, paragraph three of the syllabus.
 {¶ 11} The quotation states the rule in that branch of the doctrine of res judicata known as collateral estoppel or, in more modern usage, issue preclusion. Holzemer v. Urbanski (1999), 86 Ohio St.3d 129,133; see, also, Norwood v. McDonald (1943), 142 Ohio St. 299, Whiteheadv. General Telephone Co. (1969), 20 Ohio St.2d 108, 112. Issue preclusion is available to bar facts determined in federal proceedings from being relitigated in state actions. See Fort Frye TeachersAssociation v. SERB (1998), 81 Ohio St.3d 392, 395.
 {¶ 12} In this matter, whether appellant voluntarily resigned or was discharged was directly at issue in the federal family leave claim. Pursuant to Civ.R. 56, the federal court analyzed the undisputed facts before it, applied the law and determined that appellant's departure from appellee's employ was voluntary. Since the same parties who were present in the federal suit are in this suit, the prior federal determination on this issue precludes reconsideration of this point. Accordingly, appellant's first assignment of error is not well-taken.
 {¶ 13} Appellant's remaining assignments of error both concern claims which contain as an essential element demonstration of some sort of adverse employment action by appellee. If appellant cannot make such an element, these claims fail. Logically, there can be no adverse employment action if appellant is not employed by appellee. Consequently, appellant's remaining assignments of error are not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.