*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name: 06b0012n.06**

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| In re: EDWARD T. LOMBARDO, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| ESTATE OF DOROTHY MINGUS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. 05-8069 |
| | ) | |
| EDWARD T. LOMBARDO, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division.
No. 01-59070.

Argued: May 3, 2006

Decided and Filed: June 9, 2006

Before: GREGG, PARSONS, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

**ARGUED:** Robert G. Palmer, Columbus, Ohio, for Appellant. Terry D. Van Horn, Columbus, Ohio, for Appellee. **ON BRIEF:** Robert G. Palmer, Columbus, Ohio, for Appellant. Terry D. Van Horn, Columbus, Ohio, for Appellee.

---

**OPINION**

---

MARCIA PHILLIPS PARSONS, Bankruptcy Appellate Panel Judge. In this case's second visit to the Panel, the Estate of Dorothy Mingus appeals the bankruptcy court's order disallowing its claim for the Debtor's alleged legal malpractice arising out of the execution of the will of his client, Andy Stischok, which named Ms. Mingus as a beneficiary of his estate. Because the bankruptcy court correctly applied Ohio law in concluding that Ms. Mingus did not have standing to sue the Debtor because she was not in privity with the testator, its decision will be AFFIRMED.

## I.   ISSUE ON APPEAL

The issue in this appeal is whether the bankruptcy court properly construed Ohio law in its determination that the claim of the Estate of Dorothy Mingus for negligent legal malpractice should be disallowed.

## II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to this Panel. The BAP has jurisdiction over core proceedings, and issues related to allowance of claims against the estate are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B).

Findings of fact by the bankruptcy court are reviewed under the clearly erroneous standard. Fed. R. Bankr. P. 8013. A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985). Conclusions of law are reviewed de novo. *See In re Downs*, 103 F.3d 472, 476-77 (6th Cir. 1996).

## III. FACTS

The debtor Edward Lombardo ("Debtor") is an attorney who filed a petition for relief under chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, on August 1, 2001. Prior to his bankruptcy filing, the Debtor represented Andy Stischok in connection with the preparation and execution of Andy Stischok's last will and testament dated November 9, 1998, and codicil dated December 8, 1998. Dorothy Mingus was named under the will as the residuary beneficiary of Mr. Stischok's estate. After Mr. Stischok's death in October 1999, his heirs filed a challenge to the will, alleging undue influence on Mr. Stischok by Ms. Mingus and improper execution of the will in that it was witnessed by only one witness rather than two as required by Ohio law. While that action was pending, Ms. Mingus filed a malpractice action against the Debtor in the Court of Common Pleas of Franklin County, Ohio on December 27, 2000, alleging that his failure to have Mr. Stischok's will witnessed by two witnesses constituted both "professional negligence" and "malice, including fraud, bad faith and collusion" and caused her to suffer $1 million in damages.

After the Debtor's bankruptcy filing, Ms. Mingus commenced an adversary proceeding against the Debtor in bankruptcy court, alleging that her claim against the Debtor pending in the state court action should be declared nondischargeable under 11 U.S.C. § 523(a)(6) as a willful and malicious injury. Ms. Mingus also filed a proof of claim in the Debtor's bankruptcy case for "Intentional malpractice/Fraud" and referenced the pending adversary proceeding as the basis for her claim. After a trial in the dischargeability action, the bankruptcy court ruled for the Debtor, concluding that Ms. Mingus had failed to establish that the Debtor's actions with regard to Stischok's will were "willful and malicious."

Ms. Mingus subsequently died, and her estate filed an amended proof of claim reflecting that the claim was held by the Estate of Dorothy Mingus. The Debtor then filed an objection to the claim on the basis of, *inter alia*, res judicata, citing the court's conclusions in the dischargeability proceeding. The bankruptcy court agreed that the issue of whether the Debtor had committed "Intentional malpractice/fraud," the stated basis of the claim, had been necessarily determined in the adversary proceeding but gave the claimant additional time in which to request approval to amend its claim to allege negligent malpractice. Thereafter, the Estate of Mingus filed a motion to amend

its proof of claim to allege "malpractice by intentional acts including fraud, bad faith and collusion." Concluding that there was no distinction between this language and the language in the original proof of claim of "Intentional malpractice/Fraud," the bankruptcy court denied the motion to amend and held that the claim of the Estate of Mingus was barred by the legal doctrine of res judicata. Upon appeal to this Panel, we reversed, concluding that the amended proof of claim encompassed not only a claim for intentional malpractice but also negligent malpractice.

After remand of this case to the bankruptcy court, the Debtor argued that the Estate of Mingus' proof of claim should be disallowed because there was no sustainable cause of action by the claimant against the Debtor under state law for negligent malpractice because privity was lacking. After the submission of the issue on briefs, the bankruptcy court entered an order on August 17, 2005, sustaining the Debtor's objection and disallowing the claim. The Estate of Mingus ("Appellant") timely filed a notice of appeal on August 26, 2005.

## IV. DISCUSSION

In *Simon v. Zipperstein*, 512 N.E.2d 636 (Ohio 1987), the Ohio Supreme Court declared:

> It is by now well-established in Ohio that an attorney may not be held liable by third parties as a result of having performed services on behalf of a client, in good faith, unless the third party is in privity with the client for whom the legal services were performed, or unless the attorney acts with malice. The rationale for this posture is clear: the obligation of an attorney is to direct his attention to the needs of the client, not to the needs of a third party not in privity with the client.

*Id.* at 638 (citing, *inter alia*, *Scholler v. Scholler*, 462 N.E.2d 158 (Ohio 1984)). As in the instant case, the alleged malpractice in *Simon* arose out of an attorney's services in connection with the preparation of a will. The Ohio Supreme Court concluded in *Simon* that the intended beneficiary under the will did not have standing to sue the attorney because the beneficiary was not in privity with the testator, the attorney's client. Privity was lacking because the plaintiff was only an intended beneficiary, without a vested interest in the testator's estate. *Id.*

Subsequently, in *Elam v. Hyatt Legal Servs.*, 541 N.E.2d 616 (Ohio 1989), the Ohio Supreme Court held that a beneficiary under a will had standing to sue the attorney for the executor of the

-4-

decedent's estate because the executor was in a fiduciary relationship to the estate's beneficiaries. In reaching this conclusion, the court reconciled its ruling with *Simon*:

> At first blush, today's holding would seem to contradict this court's holding in *Simon v. Zipperstein*, *supra*. This court stated in *Zipperstein* that no attorney malpractice action was maintainable because privity was lacking since appellee, as a *potential* beneficiary of his father's estate, had no vested interest in the estate. [citation omitted]. In the case before us, however, there is no doubt that the remaindermen's interests were vested. A beneficiary whose interest in an estate is vested is in privity with the fiduciary of the estate, and where such privity exists the attorney for the fiduciary is not immune from liability to the vested beneficiary for damages arising from the attorney's negligent performance.

*Id.* at 618.

A decision by the Ohio Court of Appeals, while not factually on point with the present case, both defines, and gives context to, the privity concept:

> [U]nless the party bringing a legal malpractice action against an attorney is already a client of the attorney, only one who is in privity with the individual or organization represented by the attorney has standing to sue the attorney for legal malpractice. . . .
>
> . . . The privity is . . . between the third party and the client (of the attorney), *not* between the third party and the attorney (of the client).
>
> . . . .
>
> Privity is defined as "the connection or relation between two parties, each having a legally recognized interest in the same subject matter; mutuality of interest." For legal malpractice purposes, privity between a third person and the client exists where the client and the third person share a mutual or successive right of property or other interest.
>
> . . . .
>
> In determining privity, the trial court must first examine the interest the original attorney-client relationship was intended to protect and then compare it to the interest of the third person bringing suit for the alleged legal malpractice. Privity exists if the interest of the client is concurrent with the interest of the third person.

*Sayyah v. Cutrell*, 757 N.E.2d 779, 786-87 (Ohio App. 2001) (internal citations omitted).

In the case at hand, the bankruptcy court reviewed the above-cited decisions before concluding that "Dorothy Mingus was not in privity with Andy Stischok at the time his will was

executed.[1] At that time, there was no estate to administer, the Debtor was not a fiduciary to any designated beneficiary, and the interests of Andy Stischok and Dorothy Mingus were not concurrent." (J.A. 3).

Before addressing the Appellant's arguments in this appeal, our initial conclusion is that the bankruptcy court reached the correct decision. Plainly, the instant case is factually on point with the Ohio Supreme Court's decision in *Simon*. As noted, the court held therein that "privity was lacking since appellee, as a potential beneficiary of this father's estate, had no vested interest in the estate." *Simon*, 512 N.E.2d at 638. If the named beneficiary therein only had a contingent rather than a vested interest, then consequently, Ms. Mingus' interest in Andy Stischok's estate was contingent rather than vested, and privity was therefore lacking. There is no substantive difference between the two cases.

The Appellant argues that the bankruptcy court misapplied Ohio law and that "[s]ince *Simon*, the Supreme Court of Ohio has continually expanded liability to hold attorneys liable to third parties." [Reply Br. 1]. The Appellant's primary basis for this assertion is a footnote in *Elam* wherein the court stated: "We note without comment that, while the holding in [ *Simon*] was based largely on the fact that the person in question was only a potential beneficiary, a review of the facts seems to indicate that the person's interest was vested." *Elam*, 541 N.E.2d at 618, n.2. *See also Brinkman v. Doughty*, 748 N.E.2d 116 (Ohio App. 2000) (noting in dicta that the *Elam* footnote appeared to "disregard the notion that an interest must be 'vested'").

While this footnote is troublesome, we are unable to conclude that it constitutes a repudiation of the *Simon* holding by the Ohio Supreme Court. First, the comment was in a footnote and was equivocal, "a review of the facts *seems* to indicate." *Elam,* 541 N.E.2d at 618, n.2 (emphasis supplied). Second, the comment was dicta because the cases involved disparate facts: in *Simon*, the issue was whether a potential beneficiary under a will was in privity with the will's testator; *Elam*

---

[1] As previously noted, the bankruptcy court disposed of any contentions regarding malice or lack of good faith, the only exceptions to the privity requirement, in the dischargeability proceeding.

involved the question of whether privity arises as a result of a fiduciary relationship. *See Arpadi v. First MSP Corp.*, 628 N.E.2d 1335, 1338 (Ohio1994) ("*Elam* therefore recognizes that an attorney retained by a fiduciary owes a similar duty to those with whom the client has a fiduciary relationship."). Third, while the footnote suggests a questioning of *Simon*, the body of the *Elam* decision upholds *Simon*, with the court explaining how its ruling is consistent with *Simon*. *See Elam*, 541 N.E.2d at 618 ("At first blush, today's holding would seem to contradict this court's holding in *Simon v. Zipperstein*, *supra*. . . . In the case before us, however, . . . .").

Finally, and most importantly, the Ohio courts themselves have continued to recognize the validity of *Simon*, notwithstanding the cryptic *Elam* footnote. The case of *Dykes v. Gayton*, 744 N.E.2d 199 (Ohio App. 2000), involved facts on all fours with the facts of the present case: an attorney who failed to obtain the signature of one of the two attesting witnesses on a will, a subsequent failure of probate due to the defect, and a negligence malpractice suit by the intended beneficiaries against the attorney. The court of appeals affirmed the trial court's dismissal of the action based on the lack of privity, citing *Simon* as the "controlling authority." *Id.* at 200.

Similarly, in *Lewis v. Star Bank, N.A.*, 630 N.E.2d 418 (Ohio App. 1993), after the death of the settlor, beneficiaries of a revocable *inter vivos* trust sued the attorneys who set up the trust, alleging that they committed malpractice in failing to give pre-death tax and estate planning advice. Citing, *inter alia*, the *Simon* decision, the Ohio Court of Appeals affirmed the trial court's dismissal of the action on the lack of privity among the beneficiaries and the attorneys. The court observed that "vesting gives the necessary privity to sue" and that "the status of those seeking to sue must be examined at the time the claimed mistakes occurred." *Id.* at 420. Because the settlor reserved the right while she was alive to change beneficiaries under the trust and/or to use all the money for herself, the beneficiaries were not vested during the settlor's lifetime when the alleged malpractice occurred. Accordingly, privity was lacking. *Id.* at 421. *See also Smith v. Brooks*, 2000 WL 1297702 (Ohio App. Sept. 14, 2000) (intended beneficiaries were not in privity with testator for purposes of

malpractice action against attorney for negligent estate planning because their interests had not vested at time alleged malpractice took place).[2]

The Appellant quotes *Dykes* as acknowledging a "persuasive public policy argument which requests that we balance the public policy that supports the right of a testator to make a will and have its provisions carried out with the public policy that favors some immunity for attorneys, as against lawsuits by third-parties, so that the attorney may properly represent his client without the fear of indiscriminate third-party actions." *Dykes*, 744 N.E.2d at 201. Appellant also cites *Dykes* for the proposition that "where an attorney has negligently and improperly executed his client's will, he or she is liable to intended beneficiaries in the will." (Appellant's Br. 5). However, this proposition is incorrect and is a blatant mischaracterization of the *Dykes* decision. Appellant takes the quote from *Dykes* out of context and fails to disclose *Dykes*' faithful application of *Simon*. The court in *Dykes* does note that the appellant therein raised a persuasive public policy argument and as such, invites the Ohio Supreme Court to revisit the issue while concluding that its result was otherwise "compelled" by *Simon*. *Id.* We add that the dissent in *Simon* raised these same public policy arguments which the majority specifically rejected. In fact, the majority in *Simon*, in its reversal of the court of appeals, noted with disapproval that the lower court had disregarded applicable Ohio Supreme Court authority because of "public policy" grounds. *Simon*, 512 N.E.2d at 638.

---

[2] As further evidence of how seriously the Ohio Supreme Court considers an attorney's malpractice in estate planning matters, Appellant cites a recent decision by that court in a disciplinary proceeding, *Disciplinary Counsel v. Beeler*, 824 N.E.2d 78 (Ohio 2005). The attorney therein, who had a substance abuse problem, was suspended for 24 months, with 18 months conditionally stayed, due to his malpractice in having wills and deeds executed by witnesses outside the presence of his clients. The Appellant herein cites as significant that a mitigating factor in his punishment was the fact that he had agreed to make restitution to the heirs of one of his clients in exchange for their release of any malpractice claim. *Id.* at 82-84.

This argument is such a stretch that we are almost reluctant to address it. Plainly, the case was a disciplinary proceeding where the issue of privity was not even considered. Restitution by the attorney was only one of numerous mitigating factors, and the restitution and corresponding release of malpractice claims was pursuant to a settlement between the parties, rather than a recognition by any court that the heirs had standing to bring a malpractice suit. Simply put, *Beeler* provides absolutely no support for the proposition that the bankruptcy court in this case erred in its application of Ohio law.

The Appellant also argues that the bankruptcy court erred in concluding that the interests of Ms. Mingus and Andy Stischok were not concurrent, and asserts that to the contrary, the two had concurrent interests and shared a mutuality of interest in that both wanted to ensure that Mingus received Stischok's entire residual estate. We disagree. To rule as argued by Appellant would necessarily result in a rejection of the Ohio Supreme Court's decision in *Simon* and its progeny, a result which this Panel is not at liberty to undertake. Furthermore, we are not convinced that a testator and a *potential* beneficiary have concurrent interests. As held in *Lewis*, "the status of those seeking to sue must be examined at the time the claimed mistakes occurred." *Lewis*, 630 N.E.2d at 420. At the time the negligent execution of the will took place in the instant case, Andy Stischok was still alive, and like other testators, had the right to change his will or completely give away his estate during his lifetime, regardless of its effect on the named beneficiaries in his will. Thus, while the interests of Mr. Stischok and Ms. Mingus may have become mutual upon his death, mutuality was lacking at the time the alleged cause of action arose.

Finally, in a letter to the clerk of this court dated February 22, 2006, Appellant cites the recently reported decision of *Swiss Reinsurance Am. Corp. v. Roetzel & Andress*, 163 Ohio App. 3d 336, 2005-Ohio-4799, 837 N.E.2d 1215 (Ohio App. 2005), as support for its appeal. A review of this case, however, reveals otherwise. The issue therein was whether an insurance company that hired an attorney to represent its insured was in privity with the insured for purposes of bringing a malpractice action against the attorney. The court answered the question in the negative, concluding that the insurance company and the insured did not have mutual interests. *Id*., 837 N.E.2d at 1223. The case's only relevance to this appeal is that it applies both *Simon* and *Sayyah*: *Simon* for the general proposition that an attorney may not be held liable by third parties for malpractice absent malice or privity between the client and the third party, *id.* at 1220 (quoting *Simon*, 512 N.E.2d at 638); and *Sayyah* for the principle that privity exists where the client and the third person share a mutual or successive interest, *id*. at 1223 (quoting *Sayyah*, 757 N.E.2d at 787). We find it significant that *Simon* is quoted as the controlling authority without any indication that the decision has been overruled or clarified by *Elam*, as the Appellant herein contends.

## V. CONCLUSION

The decision of the bankruptcy court is AFFIRMED in all respects.